CADY *v.* FAIR PLAIN LITERARY ASS'N.

1. BUILDING CONTRACTORS—ACTION BY ASSIGNEE OF CLAIM — DEFENSES—LIENS.

    An assignee of the claim of a building contractor for a balance due under the contract may maintain an action thereon against the owner, notwithstanding claims of lien have been filed against the building, where all liens so filed have been assigned to plaintiff, and the time has elapsed for filing other liens.

2. SAME—DISCHARGE OF LIEN.

    In such case it is not necessary that the liens be discharged before commencement of suit; an adequate remedy being afforded by 3 Comp. Laws, § 10732, in case the right of the owner to a discharge on payment of such balance is denied.

3. SAME— NOTICE BY CONTRACTOR — SERVICE—AUTHORITY OF ATTORNEY.

    It is within the authority of an attorney for a building contractor, who has drafted for him the notice of the claims of laborers and subcontractors, required by 3 Comp. Laws, § 10713, to be served on the owner as a condition precedent

to an action on the contract, to direct the service there-of, so that service by a person directed by the attorney to make it is sufficient.

Error to Berrien; Coolidge, J. Submitted November 20, 1903. (Docket No. 146.) Decided December 22, 1903.

*Assumpsit* by Alvah P. Cady against the Fair Plain Literary Association to recover a balance due on a building contract. From a judgment for plaintiff, defendant brings error. Affirmed.

*John J. Sterling,* for appellant.

*Cady & Andrews,* for appellee.

CARPENTER, J. Early in 1902 one Robert Armstrong built a hall or auditorium for defendant. On the completion of his work, August 5, 1902, there was a balance due on his contract of $77.55. On August 11, 1902, Armstrong's two sons, Fred and Hector, filed claims for liens against said building for labor performed by them as employés of their father. The aggregate amount of these two claims was $106.22. December 23, 1902, Armstrong and his two sons each assigned their several claims above mentioned to plaintiff, and on the following day this suit at law was commenced, which resulted in the court below in a judgment for said balance in favor of plaintiff.

It is contended that the existence of the liens of the two Armstrong boys on defendant's property was a complete answer to plaintiff's claim. In considering this contention, it should be borne in mind that when this suit was commenced the liens of the two boys, assigned to plaintiff, were the only liens on record, and that the time to file liens had elapsed. It is not claimed, as manifestly it could not be, that plaintiff can maintain this suit as assignee of the lien claimants. Those claims can be enforced only in equity. Plaintiff's right to recover at law the balance due on the contract rests upon the assignment of the principal

contractor, Robert Armstrong. As such assignee, plaintiff could not recover if the lien claims were outstanding, owned by third persons. But we cannot see how those claims constituted any objection to his recovery after plaintiff acquired their ownership. He owned the balance due, and all liens against it. A payment to him of the balance could have been safely made, and would have discharged the obligation of the defendant to the original contractor and to the lien claimants. We think the objections to a recovery in a suit at law are without force.

Nor was it necessary, as contended by defendant, that the liens should be discharged before the suit was commenced. It is true that the payment of the balance, whether before or after judgment, will entitle the defendant to such discharge; and, if that right were denied,— as it is not in this case, for the liens were discharged before judgment,— the law furnishes an adequate remedy. See section 10732, 3 Comp. Laws.

The defendant contends that there was no evidence tending to prove the service of notice containing names of laborers and subcontractors, as required by section 10713, 3 Comp. Laws. It is a sufficient answer to this contention to say that we think there was such evidence.

Defendant also contends that the service of the notice was insufficient because made by an agent who received his authority, not from the contractor, but from his attorney, who drafted the notice. The action of the attorney in directing the service was within the scope of his authority.

No other objection demands discussion.

The judgment of the court below is affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.