KELLEY v. CITY OF FLINT.

1. MUNICIPAL CORPORATIONS—PURPOSE OF REQUIRING VERIFICATION OF CLAIMS.

   Purpose of charter requirement that claim against city be verified is that council may intelligently act upon claim.

2. Same—Duty of Council to Allow Verified Claim.

It is duty of council to allow properly verified claim against city and provide for its payment, if it finds claim to be just and equitable, and thus avoid litigation.

3. Same—Verification of Claim—Affidavit Must Show Personal Knowledge of Affiant.

To comply with charter requirement that claim against city must be verified, affidavit of claimant must show that he has personal knowledge of facts stated so that council may intelligently act thereon.

4. Same—Nature of Affidavits.

Averments of affidavit, verifying claim against city in compliance with charter, on which liability of city is predicated, must be of such nature that, if false, charge of perjury may be predicated thereon under section 14973, 3 Comp. Laws 1915.

5. Same—Sufficiency of Affidavit.

Charter requirement that claims against city must be verified was not complied with where averments in claimant's affidavit were based on information furnished him by his assignors.

6. Same—Court Rule as to Verification of Pleadings Not Applicable to Claim Against City.

Circuit Court Rule No. 27, providing that chancery pleadings may be verified upon information and belief, has no application to verification of claim against city under charter requirement.

Error to Genesee; Parker (James S.), J. Submitted June 3, 1930. (Docket No. 3, Calendar No. 34,849.) Decided October 3, 1930.

Assumpsit by Michael L. Kelley against the City of Flint, a municipal corporation, for breach of contract and as assignee of other parties to similar contracts. From a directed verdict and judgment for defendant, plaintiff brings error. Affirmed.

*Milton E. Mills*, for plaintiff.

*Frank G. Millard*, City Attorney, and *Russell C. Roberts*, Assistant City Attorney, for defendant.

SHARPE, J.   On February 21, 1928, the plaintiff secured an assignment reading as follows:

"For one dollar ($1.00) and other valuable consideration, I hereby sell, assign and transfer unto Michael L. Kelley, of the City of Flint, his executors, administrators, and assigns, to his and their own proper use and benefit, a certain debt now due and owing to me by the City of Flint, Genesee county, Michigan, amounting to the sum placed opposite my signature, and I do hereby give the said assignee, his executors, administrators and assigns, full power to collect and receive the same, and to prosecute any suits or proceedings at law, or in equity therefor, and I will do nothing to lessen or discharge said debt.

|  | Amt. Earned | Amt. Rec'd | Bal. Due |
|---|---|---|---|
| "August Scharf.... | $2,040.00 | $1,800.00 | $240.00" |

Thirty other signatures were attached thereto in a similar manner, the total of the balances claimed to be due amounting to $5,404.79.   To this plaintiff added interest for 5 years at 5 per cent., amounting to $1,351.20.   On March 31, 1928, he attached thereto an affidavit reading as follows:

"Michael L. Kelley, being first duly sworn, deposes and says that he has, by written assignment, claims against the City of Flint, Michigan, for balances due on the salaries as officers of said city, for the year from May 1, 1922, to May 1, 1923, and that he verily believes that the services therein charged have been actually performed, that the sums charged therefor are reasonable and just, and that to the best of his knowledge and belief no set-off exists, nor payment has been made on account thereof, except such as appears in the records and files of said city. That the total amount due and payable is $6,755.99, as appears in the items opposite the names of each

of said officers in the hereto attached written assignments.''

His attorney then filed the same with the city clerk. No action having been taken thereon by the council, he brought this action against the city to recover the amount claimed to be due him under such assignment. When the assignment and affidavit were offered in evidence, defendant's attorney objected to their receipt for a lack of compliance with a provision of the city charter which reads as follows:

"All actions against the City of Flint shall be commenced by summons, which shall be served on the city clerk by giving him a copy of such summons with the name of the officer serving same indorsed thereon, or, in case of the absence of the city clerk, then by leaving such copy with the mayor, indorsed as aforesaid: Provided, that no suit shall be maintained against the city until the claim whereon the same is founded shall have been presented to the common council, duly verified, at a regular meeting of the same for allowance, and until one regular meeting of the common council shall have intervened."

The trial court sustained the objection, and, as no other proof was offered, directed a verdict in favor of the defendant. The plaintiff seeks review by writ of error of the judgment entered thereon.

The purpose of the charter provision is to require such information to be presented to the council that it may intelligently act upon the claim presented, just as it would if the claimant personally appeared before the council and testified relative thereto, and it is the duty of the council to allow the claim and provide for its payment if it finds it to be just and equitable and thus avoid litigation in the settlement

thereof. As was said in *Detroit* v. *Michigan Paving Co.,* 38 Mich. 358, 363:

"At any rate, the expenses of this litigation should not have been forced upon the city without a refusal to do justice."

The question here presented is whether the affidavit verifying the claim is a reasonable compliance with the charter provision. If made by a party entitled to recover by contract or statute, he will have personal knowledge of the facts stated therein. When made by an assignee, it must appear that he has such personal knowledge of the facts stated in the affidavit that the council may intelligently act thereon. The averments on which the liability of the city is predicated must be of such a nature that, if false, a charge of perjury may be predicated thereon under section 14973, 3 Comp. Laws 1915.

An examination of the affidavit discloses that, except as to the assignment to plaintiff, all the averments are made on the information furnished plaintiff by his assignors and his belief that the sums charged are reasonable and just, and that no set-off exists, and that no payment of them has been made. It seems clear to us that the trial court was right in holding that the claim as presented was not verified as required by the charter provision. The term "verified," as applied to such claims, has, we think, a settled meaning, and refers to an affidavit attached thereto as to the truth of the matters therein set forth within the personal knowledge of the affiant. See, Verification, Words and Phrases, 1st and 2d series.

"A purported affidavit, on which perjury could not be assigned if it was wilfully false, would not,

in law, be an affidavit at all." *Clarke* v. *Wayne Circuit Judge,* 193 Mich. 33 (syllabus).

In passing upon a similar question in *Griswold* v. *City of Ludington,* 116 Mich. 401, 411, this court said:

"It is the evident intent of the legislature by these sections of the charter to compel all parties having claims against a city to make a statement of the claim under oath  *  *  *  and until this is done no action can be commenced or maintained. It is made a sufficient defense to the action if this is not done."

The rule (Circuit Court Rule No. 27) providing that chancery pleadings may be verified by a statement that the affiant believes that the matters are true which are therein stated to be on his information and belief, is not applicable.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.