# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE RUSSELL,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant-Appellant.

FOR PUBLICATION
October 10, 2017
9:20 a.m.

No. 332934
Wayne Circuit Court
LC No. 15-002883-NO

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

In this action related to an injury arising from a purportedly defective city street, defendant the City of Detroit ("the City") sought summary disposition pursuant to MCR 2.116(C)(7) on the ground that plaintiff failed to provide notice in compliance with the Government Tort Liability Act (GTLA), MCL 691.1401 *et seq.* The trial court denied the City's motion, and the City now appeals as of right. Because plaintiff provided notice to the City as required by MCL 691.1404(1), we affirm.

According to plaintiff's complaint, on July 20, 2014, he fractured his leg after he drove his motorcycle through a pothole, lost control, and then crashed. In October of 2014, plaintiff's attorney sent the City notice of plaintiff's injury and the defect in the roadway. On March 6, 2015, plaintiff filed his complaint in this case. Thereafter, the City moved for summary disposition, asserting that summary disposition was appropriate because plaintiff failed to provide notice as required by MCL 691.1404(1). Specifically, the City argued that plaintiff's notice was deficient because (1) the notice failed to specify the exact location and exact nature of the defect, and (2) the notice was served by plaintiff's attorney rather than plaintiff. The trial court rejected these arguments. The City now appeals as of right.

On appeal, the City argues that the trial court erred by denying its motion for summary disposition under MCR 2.116(C)(7) because plaintiff failed to provide notice as required by MCL 691.1404(1). In particular, as in the trial court, the City argues that plaintiff failed to provide notice of the exact location and nature of the defect. Additionally, the City contends that plaintiff was required to personally serve notice on the City, meaning that service by plaintiff's attorney was insufficient to comply with MCL 691.1404(1).

## I. STANDARDS OF REVIEW

-1-

"This Court reviews motions for summary disposition under MCR 2.116(C)(7) de novo." *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 386; 738 NW2d 664 (2007). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 482; 722 NW2d 906 (2006). The applicability of governmental immunity and its statutory exceptions are reviewed de novo. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "Questions of statutory interpretation are also reviewed de novo." *Rowland v Washtenaw Co Road Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007).

## II. EXACT LOCATION AND NATURE OF THE DEFECT

The City first argues that the location and nature of the defect were not adequately described in the notice provided by plaintiff. The City contends that plaintiff merely provided the location of an intersection, which encompasses a broad area and was not sufficient to identify the "exact location" where plaintiff's injury occurred. With regard to the nature of the defect, the City maintains that plaintiff failed to sufficiently describe the nature of the alleged defect.

Under the GTLA, "governmental agencies are immune from tort liability when engaged in a governmental function." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 156; 615 NW2d 702 (2000), citing MCL 691.1407(1). "[T]he immunity conferred upon governmental agencies is *broad,* and the statutory exceptions thereto are to be *narrowly* construed." *Nawrocki*, 463 Mich at 158. One such exception is the highway exception codified at MCL 691.1402(1). Under MCL 691.1402(1), "[e]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." If a governmental agency fails to do so, "[a] person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency." MCL 691.1402(1).

However, as a prerequisite to recovering damages under the highway exception, the injured person must serve notice on the governmental agency pursuant to MCL 691.1404(1), which, in pertinent part states:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

"MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect." *Rowland*, 477 Mich at 219. Consequently, the statute "must be enforced as written." *Id.* "Failure to provide adequate notice under this statute is fatal to a plaintiff's claim against a governmental agency." *McLean v Dearborn*, 302 Mich App 68, 74; 836 NW2d 916 (2013).

Under the plain language of MCL 691.1404(1), "a claimant must provide, within 120 days from the time of injury, notice to the governmental agency that (1) specifies the exact location and nature of the defect, (2) identifies the injuries sustained, and (3) provides the names of any known witnesses." *Burise v Pontiac*, 282 Mich App 646, 653; 766 NW2d 311 (2009). "The notice need not be provided in a particular form. It is sufficient if it is timely and contains the requisite information." *Plunkett v Dep't of Transp*, 286 Mich App 168, 176; 779 NW2d 263 (2009). Further, the information provided in the notice "need only be understandable and sufficient to bring the important facts to the governmental entity's attention." *Id.* The sufficiency of the notice is judged on the entire notice and all the facts stated therein. *Rule v Bay City*, 12 Mich App 503, 508; 163 NW2d 254 (1968). "Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects." *McLean*, 302 Mich App at 75 (citation and quotation marks omitted).

Nevertheless, the injured person must give notice of "the exact location;" and, if uncorrected, the provision of incorrect information, such as an incorrect address, will not be excused. *Jakupovic v City of Hamtramck*, 489 Mich 939; 798 NW2d 12 (2011); *Thurman v City of Pontiac*, 295 Mich App 381, 385-386; 819 NW2d 90 (2012). Absent clarifying information, a description may also be considered too vague or imprecise to give notice of the "exact location." For example, a description may be deficient if it references a defective sidewalk at an intersection without specifying on which of the four corners of the intersection the defective section of sidewalk may be found. *Thurman*, 295 Mich App at 385-386, citing *Dempsey v Detroit*, 4 Mich App 150, 152; 144 NW2d 684 (1966). Likewise, a description of a defect "near" an address, which does not specify that the defect is actually 40 yards away on the south side of the road, is insufficient to identify the place of injury. *Thurman*, 295 Mich App at 385, citing *Smith v City of Warren*, 11 Mich App 449, 452; 161 NW2d 412 (1968).

In this case, in relevant part, the notice sent to the City contained the following information regarding the location and the nature of the defect:

> Location of Defect: Intersection of Selden St and Aretha Street, Detroit Michigan.
> See attached photos.
>
> Nature of the Defect: A large pothole, adjacent to a manhole cover in the middle of the street. . . .

By reading the section labelled "Location of Defect" in isolation, the City contends that, as in *Smith* and *Dempsey*, plaintiff's description of the location is insufficient because it refers generally to an intersection without details necessary to locate the defect. However, in considering the notice, we consider all the facts stated therein and we construe the location in connection with the description of the defect. See *Rule*, 12 Mich App at 508. In other words, unlike the City, we will not read plaintiff's description of the "Location of Defect" without also considering plaintiff's description of the "Nature of the Defect." See *McLean*, 302 Mich App at 75; *Plunkett*, 286 Mich App at 176.

When these sections of plaintiff's notice are read together, it is clear that plaintiff's identification of the location was sufficient. Plaintiff did not just refer to an intersection. Instead, after identifying a particular intersection in Detroit, plaintiff then more specifically

directed the City's attention to "a manhole cover in the middle of the street," adjacent to which was a "large pothole." The directions to the "middle of the street" and the use of the manhole cover as a landmark, when coupled with the identification of the intersection, were sufficient to enable the City to find the location of the pothole in question from the notice provided.[1] Stated differently, reading the notice as a whole, plaintiff's notice regarding the location of the defect was "understandable and sufficient to bring the important facts to the governmental entity's attention." *Plunkett*, 286 Mich App at 176. Thus, plaintiff's description of the exact location satisfied MCL 691.1404(1).

With regard to the nature of the defect, plaintiff described a "large pothole, adjacent to a manhole cover." In disputing the adequacy of this description, the City cites to an unpublished case in which a plaintiff's description was found inadequate because the description provided in the notice was "significantly different" than the true nature of the defect insofar as the plaintiff identified the defect as "crack filler" when the defect actually consisted of "rutting" in the road. *Karwacki v Dep't of Transp*, unpublished opinion of the Court of Appeals, issued August 29, 2013 (Docket No. 308772); slip op at 5. As an unpublished opinion, *Karwacki* is not precedentially binding. MCR 7.215(C)(1); *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 42 n 10; 761 NW2d 151 (2008). In any event, we fail to see the similarities between *Karwacki* and the present case. Plaintiff identified the defect as a "large pothole" and there is no indication that such a description was inaccurate. Further, the word "pothole" is an understandable term, clearly conveying the nature of the defect to anyone who has ever driven on the roads in Michigan. Moreover, when plaintiff's reference to the "large pothole" is read in conjunction with the description of the location of the defect, i.e., a large pothole *adjacent* to the manhole cover in the middle of the street at a particular intersection, plaintiff's notice clearly brought the defect in question to the City's attention. Cf. *Plunkett*, 286 Mich App at 178-179 n 25. Overall, plaintiff's description of the exact location and nature of the defect was sufficient to comply with MCL 691.1404(1).

### III. SERVICE BY THE INJURED PERSON

Next, the City argues that plaintiff violated MCL 691.1404(1) by having his attorney mail notice to the City rather than plaintiff sending the written notice himself. In particular, the City notes that MCL 691.1404(1) states that "the injured person . . . shall serve notice on the

---

[1] The lower court record also contains photographs of the location. The City contends that, although plaintiff's written notice refers to attached photographs, plaintiff failed to actually include these photographs with his notice. In the trial court, the City supported this factual assertion with an affidavit from an employee in the City's law office who is responsible for opening mail and who averred that no photographs were attached to plaintiff's notice. The City also contends that, even if the photographs are considered, they simply show a general area and thus they do not aid plaintiff's description of the location of the defect. We need not reach these issues. Plaintiff had no obligation to provide photographs. And, whether or not the City received plaintiff's photos is immaterial because, as discussed, plaintiff's written description of the location—with or without photos—was sufficient to comply with MCL 691.1404(1).

governmental agency." In comparison, under MCL 691.1404(3), if an injured person is under the age of 18 years, "notice may be filed by a parent, attorney, next friend or legally appointed guardian." The City asserts that, because MCL 691.1404(1) does not specifically allow for service through an attorney, an injured person over 18 must personally serve notice.

Resolution of this issue requires statutory interpretation. When engaging in statutory interpretation, "our goal is to give effect to the intent of the Legislature by focusing on the statute's plain language." *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 134; 860 NW2d 51 (2014). "When construing statutory language, we must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined." *In re Receivership of 11910 S Francis Rd*, 492 Mich 208, 222; 821 NW2d 503 (2012). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013).

Relevant to the City's argument, MCL 691.1404, states, in part, that:

(1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. In case of the state, such notice shall be filed in triplicate with the clerk of the court of claims. . . .

(3) If the injured person is under the age of 18 years at the time the injury occurred, he shall serve the notice required by subsection (1) not more than 180 days from the time the injury occurred, which notice may be filed by a parent, attorney, next friend or legally appointed guardian. If the injured person is physically or mentally incapable of giving notice, he shall serve the notice required by subsection (1) not more than 180 days after the termination of the disability. . . .

Clearly, MCL 691.1404(1) sets forth various requirements for providing compliant notice to the governmental agency.

The statute specifies who must serve the notice ("the injured person"), on whom the notice must be served ("any individual . . . who may lawfully be served with civil process directed against the . . . governmental agency"), what information the notice must contain ("the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant"), and the manner in which the notice must be served ("either personally, or by certified

-5-

mail, return receipt requested"). Although the statute does not explicitly so provide, it patently implies that these elements of the required notice must be in writing. [*Ward v Mich State Univ (On Remand)*, 287 Mich App 76, 81; 782 NW2d 514 (2010).[2]]

Moreover, the use of the term "shall" in MCL 691.1404 makes plain that this notice requirement is mandatory. See *In re Duke Estate*, 312 Mich App 574, 584; 887 NW2d 1 (2015). Thus, there can be no question that, as the injured person, plaintiff was required to serve notice on the City. The real issue in this case is whether an attorney or other agent may serve the notice on behalf of the injured person.

Contrary to the City's argument, we do not read the statute as requiring the injured person to personally send the certified mail or to appear in-person to personally serve the notice. Rather, we are persuaded that an injured person can "serve" a governmental agency as provided by law by using an agent, such as attorney. To begin with, our statutes and court rules are replete with provisions similar to the language in MCL 691.1404(1) insofar as they require an individual to "serve" documents.[3] Yet, it has never been an expectation in this state that such service would be personally carried out by the individual identified in the court rule or the statute. To the contrary, service is often done by someone else, such as a process server. *Nuculovic v Hill*, 287 Mich App 58, 67; 783 NW2d 124 (2010). See also MCR 2.103(A) ("Process in civil actions may be served by any legally competent adult who is not a party or an officer of a corporate party."). Indeed, in numerous cases involving notice under MCL 691.1404(1), the notice in question was sent, not by the injured person personally, but by the plaintiff's attorney. See, e.g.,

---

[2] *Ward* involved MCL 691.1406, the notice provision applicable to injury arising from a dangerous and defective condition in a public building. However, the language in MCL 691.1406 mirrors the pertinent language in MCL 691.1404.

[3] See, e.g., MCR 2.107 ("[T]he plaintiff shall serve upon the opposing parties the preprinted caption labels . . . ."); MCR 2.307(A)(2) ("A party desiring to take a deposition on written questions shall serve them on every other party with a notice . . . ."); MCR 2.622(B)(4) ("The party filing an objection [to the appointment of a receiver] must serve it on all parties . . . ."); MCR 3.101(F)(1) ("The plaintiff shall serve the writ of garnishment . . . ."); MCR 3.210(B)(4)(a) ("A party moving for default judgment must schedule a hearing and serve the motion, notice of hearing, and a copy of the proposed judgment upon the defaulted party . . . ."); MCR 6.507(B) ("Whenever a party submits items to expand the record, the party shall serve copies of the items to the opposing party."); MCR 7.121(C)(2)(d) ("The appellant shall serve the claim of appeal on all parties."); MCL 14.254(c) ("[I]f such will creates or purports to create a charitable trust, the petitioner shall serve notice upon the attorney general, charitable trust division . . . ."); MCL 400.610a(2) ("At the time of filing the complaint, the person shall serve a copy of the complaint on the attorney general . . . .); MCL 445.814(2) ("The attorney general shall serve notice upon the defendant at least 48 hours before the filing of the action."); MCL 600.4061(1) ("A plaintiff shall serve garnishment process issued from a court in Michigan against the state of Michigan upon the state treasurer . . . ."); MCL 750.50(3) ("The prosecuting attorney shall serve a true copy of the summons and complaint upon the defendant.").

*McLean*, 302 Mich App at 71 ("[P]laintiff's attorney sent a letter addressed to 'the City Manager or Mayor's Office.'"); *Plunkett*, 286 Mich App at 175 (considering notice letter sent by attorneys "on behalf of our clients").[4]   In other words, caselaw demonstrates that an individual may "serve" notice via an agent, including specifically an attorney.  In contrast, the City points to not a single case in which it has been determined that, in order to "serve" notice, the serving party was required to personally hand deliver or personally mail the document.  Such a nonsensical proposition has no basis in the law of this state.

Moreover, such an argument ignores established agency principles.  "Agents have the implied power to carry out all acts necessary in executing [the principal's] expressly conferred authority."  *Slocum v Littlefield Public Sch Bd of Ed*, 127 Mich App 183, 194; 338 NW2d 907 (1983) (citation and quotation marks omitted).  The legal relationship between attorneys and their clients is one example of an agency relationship.  *Uniprop, Inc v Morganroth*, 260 Mich App 442, 446; 678 NW2d 638 (2004).  Indeed, " '[a]ttorney' is an ancient English word, and signifie[s] one that is set in the turn, stead, or place of another."  *Fletcher v Fractional No 5 Sch Dist Bd of Ed*, 323 Mich 343, 348; 35 NW2d 177 (1948) (quotation marks omitted).  In other words, when an agent or attorney undertakes actions on behalf of the principal within the scope of his or her authority, the agent has "stepped into the shoes of the principal."  *PM One, Ltd v Dep't of Treasury*, 240 Mich App 255, 266-267; 611 NW2d 318 (2000).  This authority to act on behalf of a principal may include the ability to undertake acts necessary to ensure service and to provide notice.  See, e.g., *Cady v Fair Plain Literary Ass'n*, 135 Mich 295, 297; 97 NW 680 (1903) ("The action of the attorney in directing the service was within the scope of his authority.");  *Slocum*, 127 Mich App at 194-195 (holding that letter sent by the board of education's attorney was sufficient to provide required notice to the State Tenure Commission).  Given the legal relationship between agents and principals, and, in particular, between attorneys and their clients, it follows that an "injured person" may "serve" a governmental agency through the acts of an agent, including an attorney.

When the notice is sent by an attorney or agent acting at the injured person's behest, to comply with MCL 691.1404(1), such information should be contained in the notice itself.  That is, MCL 691.1404(1) plainly states that an "injured person" shall serve notice.  To satisfy this provision, the notice should identify the "injured person" and convey the fact that the notice is being given on the injured person's behalf.  For example, in this case, the notice stated:

---

[4] See also *Thomas v City of Flint*, unpublished opinion of the Court of Appeals, issued April 20, 2017 (Docket No. 331054); slip op at 1 ("[P]laintiff's attorney sent defendant notice . . . ."); *Heiser v City of Flint*, unpublished opinion of the Court of Appeals, issued October 6, 2015 (Docket No. 321812); slip op at 1 ("[P]laintiff's attorneys sent a letter to the City Attorney's Office via certified mail . . . .); *Barnosky v City of Wyandotte*, unpublished opinion of the Court of Appeals, issued July 30, 2013 (Docket No. 310311); slip op at 1 ("[P]laintiff's counsel sent a notice of her injury and claim to defendant via certified mail."). Cf. *Blohm v Emmet Co Bd of Co Rd Comm'rs*, 223 Mich App 383, 387; 565 NW2d 924 (1997) (concluding that a personal representative could provide notice under MCL 691.1404 following the injured person's death).

Please be advised that I am providing you notice *on behalf of* MR. LAWRENCE RUSSEL, of an injury caused by a defect in the highway that rendered the travelled portion of the roadway not reasonably safe and convenient for public travel. In accordance with [the] statute, the following information identifies the location and nature of the defect, the injury sustained and the names of witnesses known to Mr. Russell . . . . [Emphasis added.]

This language made clear that plaintiff was the "injured person" and that, as the "injured person" in this case, he was providing notice to the City through his attorney. This service of notice through plaintiff's attorney was sufficient to satisfy MCL 691.1404(1).

In contrast to this conclusion, the City emphasizes that MCL 691.1404(3) contains language allowing notice to be "filed by a parent, attorney, next friend or legally appointed guardian" if the injured person is under 18 years of age. Because no reference to an "attorney" appears in MCL 691.1404(1), the City asserts an adult "injured person" cannot serve notice via an attorney. "Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion." *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541-542; 840 NW2d 743 (2013) (citation omitted). However, we are not persuaded that the drafters of MCL 691.1404(1) excluded reference to an attorney from MCL 691.1404(1) in an attempt to require personal service by an adult "injured person." Instead, the inclusion of language relating to parents, attorneys, guardians and next friends in MCL 691.1404(3) is a reflection of the legal realities governing minors. That is, the "special nature and characteristics of children" may reasonably require "special rules" for minors. See *Dep't of Civil Rights v Beznos Corp*, 421 Mich 110, 121; 365 NW2d 82 (1984). In this regard, minors generally lack capacity to sue in their own name. *Moorhouse v Ambassador Ins Co, Inc*, 147 Mich App 412, 419; 383 NW2d 219 (1985); MCR 2.116(C)(7); MCR 2.201(E). They cannot serve process. MCR 2.103(A). They cannot retain an attorney, *Ryan v Ryan*, 260 Mich App 315, 323 n 6; 677 NW2d 899 (2004), and they cannot empower an agent to act on their behalf, *Woodman v Kera LLC*, 486 Mich 228, 239; 785 NW2d 1 (2010). In this context, given the general limitations on a minor's ability to act or to engage someone to act as an agent, it was necessary to specify how someone under 18 could serve notice on a governmental agency within the requisite 180-day period. See *Brown v New Baltimore*, unpublished opinion of the Court of Appeals, issued October 11, 2011 (Docket No. 298809); slip op at 2. These same concerns do not apply to competent adults under MCL 691.1404(1), who are fully able to engage agents or otherwise undertake the action necessary to serve notice. We are not persuaded by the City's argument that comparison of MCL 691.1404(1) and MCL 691.1404(3) necessitates personal service by an injured adult.

Finally, the City also argues that personal service by the injured person should be required in light of the Michigan Supreme Court's decision in *Fairley v Dep't of Corrections*, 497 Mich 290, 297; 871 NW2d 129 (2015). We disagree. In *Fairley*, the Court considered MCL 600.6431(1), which states:

(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or

agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, *which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths*. [Emphasis added.]

Relevant to this provision, in *Fairley*, the plaintiff did not sign or verify the notice; rather, the plaintiff's attorney signed the document. *Fairley*, 497 Mich at 294. Because the plaintiff in *Fairley* failed to personally sign the notice of intent, the Court determined that her notice was insufficient and that her claim must be dismissed. *Id.* at 299-300.

*Fairley* is inapplicable to the facts of this case. Quite simply, *Fairley* involved a different statute containing different language and different requirements. The statute at issue in *Fairley* involves very specific activities that had to be completed "by the claimant." MCL 600.6431(1). Specifically, the claimant was required to sign and verify the notice before an officer authorized to administer oaths. MCL 600.6431(1). In this context, "verification" by the claimant involves "[a] formal declaration made in the presence of an authorized officer, such as a notary public . . . whereby one swears to the truth of the statements in the document." *Black's Law Dictionary* (10th ed. 2014). See also *Fairley*, 497 Mich at 299 (holding that the notice required by MCL 600.6431 must "bear an indication that the signature was signed and sworn to before an officer authorized to administer oaths").[5]

In contrast, MCL 691.1404(1) does not require an "injured person" to sign or verify the notice before an officer authorized to administer oaths.[6] Instead, all that is required by MCL 691.1404(1) is that the injured person "serves" the notice on the governmental agency. MCL 691.1404(2) contains more specific instructions regarding how service may be accomplished; but, it does not state that the "injured person" must serve the notice upon any individual who may lawfully be served, "either personally, or by certified mail, return receipt requested . . . ." Instead, considering MCL 691.1404 as a whole, the injured person is given broad responsibility

---

[5] Requiring the claimant in particular to sign and verify the notice serves to promote truthfulness and to deter "trumped-up" claims. See *Merrifield v Vill of Paw Paw*, 274 Mich 550, 554; 265 NW 461 (1936); *Kelley v Flint*, 251 Mich 691, 695; 232 NW 407 (1930). Further, by requiring verification by the claimant—i.e., the individual with personal knowledge of the facts stated in the document—the statute ensures that the government is provided with information on which it may intelligently act. See *Kelley*, 251 Mich at 695. See also *McCahan v Brennan*, 492 Mich 730, 744; 822 NW2d 747 (2012) ("[N]otice provisions are enacted by the Legislature in order to provide the state with the opportunity to investigate and evaluate claims, to reduce the uncertainty of the extent of future demands, or even to force the claimant to an early choice regarding how to proceed."). No such similar purposes would be furthered by requiring the "injured person" to personally serve notice under MCL 691.1404(1).

[6] Indeed, the City's proposed service requirement under MCL 691.1404(1) would allow a plaintiff's attorney to draft and sign the notice, but it would then require the plaintiff to undertake the ministerial task of serving the document. We are not persuaded that such an absurd result is required by the statute's plain language.

to "serve" notice; and, as discussed, this directive to "serve" the governmental agency is fully satisfied where an injured person engages an agent to hand deliver the notice or to mail it via certified mail, return receipt requested.

In sum, under the plain language of the statute, the "injured person" must "serve" the governmental agency. But this service requirement does not require the injured person to physically appear in the governmental office or to personally go to the post office to mail a certified letter. Instead, the injured person may "serve" the governmental agency by arranging for service by an attorney or other agent. Because plaintiff's attorney served notice on plaintiff's behalf, plaintiff has complied with the notice requirement in MCL 691.1404(1).

Affirmed.


/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly