*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MINY ADAMS,

        Plaintiff-Appellant,

v

RB and ERIC MEAD, Conservator of RB,

        Defendants-Appellees.

UNPUBLISHED
November 15, 2024
9:02 AM

No. 367043
Genesee Probate Court
LC No. 23-222201-CZ

Before: GADOLA, C.J., and SWARTZLE and LETICA, JJ.

PER CURIAM.

In this appeal by right, plaintiff challenges the probate court's order granting summary disposition in favor of defendants, RB and his current conservator. Plaintiff, who is RB's sister and former conservator, suggests that the probate court made substantive rulings regarding her claims. It did not. Instead, the probate court ruled that plaintiff's complaint was barred under MCR 2.116(C)(7) because the issues raised were fully litigated in a previous action. We affirm.

## I. INTRODUCTION

In 1986, RB sustained serious injuries in an automobile accident, necessitating around-the-clock care. Initially, RB's mother was his caregiver and conservator. The no-fault auto insurer provided payments for RB's care as attendant-care benefits pursuant to personal protection insurance (PIP) policies. The insurer paid RB's mother on a monthly basis, after she recorded the number of hours of care provided on an affidavit form where each caregiver indicated the specific services they provided, the day(s) the provider supplied the care, and the number of hours spent doing so. In time, the insurer ended the practice of requiring monthly records of each provider's time for attendant-care services, and, instead, it negotiated a lump-sum figure to be paid monthly to one family member—initially, RB's mother—with the expectation that the person receiving the funds would be responsible for using them to pay those providing the attendant-care services each month. Plaintiff acknowledged below that this change in procedure was made "[f]or the insurance company's convenience." RB's mother continued providing and coordinating RB's care, receiving the monthly lump-sum insurance payments, until her death in 2008. Thereafter, plaintiff served as conservator, provider, and coordinator of RB's care, and she was the designated recipient

-1-

of the monthly lump-sum PIP attendant-care payments. Significantly, in her probate-court briefing, plaintiff did not emphasize her role as a provider of care for RB and she stated that she "simply maintained the routine seeing that [RB] received the 24/7 care that the PIP carrier was paying."

After RB's mother's death, RB's brother moved in with RB, and, as plaintiff admits, he "began caring for [RB] full-time." RB's brother came to suspect that plaintiff was keeping more of the attendant-care funds from the insurance company than she was entitled to and that he was not being fairly compensated for the care he was providing for RB. In a 2021 proceeding, the probate court ordered plaintiff to file an accounting to show how the attendant-care benefits had been spent. Plaintiff's apparent position is that, because the PIP carrier ended its practice of requiring a detailed accounting of attendant-care expenses incurred, including the names of and hours expended by individual caregivers, she did not track how the money was spent or who was paid for what services. Therefore, plaintiff should not be required to do so for the probate court. She also repeatedly admitted that she was unable to provide an accounting because she had no records or other evidence regarding what attendant-care expenses were incurred, or how she disposed of the money received from RB's PIP carrier. This caused the probate court concern that plaintiff had perhaps mishandled RB's assets. The court concluded that plaintiff had breached her fiduciary duties to maintain records related to her administration of RB's estate and to provide accountings annually or as required by the court. The probate court, noting that plaintiff and her counsel "admit[ted] she cannot or will not perform such duties or provide an accounting," stated that it would impose a surcharge requiring her to pay a total of $125,412.30 in PIP benefits to RB's estate.

Plaintiff filed a motion for reconsideration, which was deemed untimely because it was filed more than 21 days after entry of the probate court's surcharge order. Plaintiff then filed a claim of appeal to this Court, which was dismissed for lack of jurisdiction because it was untimely. *In re Conservatorship of RB*, unpublished order of the Court of Appeals, entered April 26, 2022 (Docket No. 360879).

Thereafter, plaintiff initially filed the complaint underlying this case in the Genesee County circuit court. She asserted that the probate court failed to determine the amount due for her attendant-care services when it surcharged her. Plaintiff demanded a jury trial to determine this amount allegedly due her from the estate.

Defendants filed a motion to transfer the case to the probate court and a motion for summary disposition. Defendants asserted that the circuit court lacked jurisdiction over this case and that res judicata and collateral estoppel barred plaintiff's action because the issues of her obligations to the estate, her ability to prove what services she provided, and how much time she spent providing them, had already been litigated in the probate court proceeding giving rise to the 2021 surcharge order. The circuit court concluded that it did have jurisdiction over the matter; however, its jurisdiction was concurrent with that of the probate court and judicial economy weighed in favor of deferring to the probate court, which had managed all other litigation related to RB's conservatorship.

In probate court, in response to defendants' preclusion arguments, plaintiff contended that her aim in pursuing the instant complaint was to establish her right to, and the amount of, a setoff

against the surcharge based on the services she provided. She further claimed that neither res judicata nor collateral estoppel applied because the surcharge order was not a final order. She provided no documentary evidence to support her position, see MCR 2.116(G)(5), and no affidavit explaining that she was unable to obtain such evidence, why she was unable to obtain it, or how she planned to obtain it, see MCR 2.116(H). The probate court took the summary disposition motion under advisement pending a review of the earlier proceedings with respect to the surcharge order.

Subsequently, the probate court entered a written order granting defendants' summary disposition under MCR 2.116(C). The court explained that it had reviewed the two related probate court files and was convinced "that the issues plaintiff seeks to litigate in this civil action have already been litigated by [the probate court] in the conservatorship file . . . ." Thus, plaintiff's complaint in this matter was "a collateral attack" on the 2021 surcharge order, warranting dismissal with prejudice.

This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews motions for summary disposition under MCR 2.116(C)(7) de novo."[1] *Russell v City of Detroit*, 321 Mich App 628, 631; 909 NW2d 507 (2017) (quotation marks and citation omitted). The application of collateral estoppel also presents a question of law subject to de novo review. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 526; 866 NW2d 817 (2014).

## III. ANALYSIS

As a preliminary matter, we note that, on appeal, plaintiff fails to address the probate court's actual ruling in this case, choosing instead to challenge the propriety of the 2021 surcharge order. Because plaintiff fails to challenge or dispute the basis of the probate court's ruling, she has abandoned any assertion that the court erred. *Redmond v Heller*, 332 Mich App 415, 449; 957 NW2d 357 (2020); *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004). In any event, based on the limited record before us,[2] we conclude that the probate court properly granted defendants' motion for summary disposition.

"The preclusion doctrines serve an important function in resolving disputes by imposing a state of finality to litigation where the same parties have previously had a full and fair opportunity to adjudicate their claims. By putting an end to litigation, the preclusion doctrines eliminate costly repetition, conserve judicial resources, and ease fears of prolonged litigation." *Nummer v Treasury*

---

[1] Although the probate court did not specify the subsection of MCR 2.116 under which it granted summary disposition, the court's reference to the prior probate court proceeding reflects that it addressed defendants' argument that they were entitled to summary disposition under MCR 2.116(C)(7).

[2] We do not have access to the conservatorship file that the probate court relied upon in its ruling.

*Dept*, 448 Mich 534, 541; 533 NW2d 250 (1995), citing *Storey v Meijer, Inc*, 431 Mich 368, 372; 429 NW2d 169 (1988).

Collateral estoppel, or issue preclusion, prevents relitigation of an issue in a new action decided in prior litigation "between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Bryan v JP Morgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014) (quotation marks and citation omitted). An issue is fully and fairly litigated if the issue was actually and necessarily litigated in the previous action resulting in a final judgment, and the parties had an opportunity to appeal. *Monat v State Farm Ins Co*, 469 Mich 679, 685; 677 NW2d 843 (2004). "A decision is final when all appeals have been exhausted or when the time available for an appeal has passed." *Bryan*, 304 Mich App at 716 (quotation marks and citation omitted).

The parties to the instant action and the surcharge proceedings were either the same parties or their privies: plaintiff was party to both actions, and although the conservator for RB in the previous proceeding (appointed after plaintiff's removal) appears to be different from the current conservator, in their official capacities, they are privies because both discharged the fiduciary duties attendant to protecting RB's interests.

The issues sought to be litigated were also the same: the extent to which plaintiff was liable to RB's estate by way of the surcharge order. Although plaintiff attempted to distinguish what is at issue in this case as a determination of the setoff that she alleges she is entitled to, in reality, that issue is identical to the issue in the 2021 proceeding: how much money did plaintiff earn, if any, by performing attendant-care services for RB. In both actions, plaintiff claims entitlement to more than $120,000 surcharged by the probate court. But she also admitted that RB's brother provided "full-time" care to RB, and it appears that other family members also provided care. To prove her entitlement to more than $120,000 in payments necessarily requires plaintiff to prove the amount of time she spent providing services, what services she provided, what services others provided and for how long, and why she would be entitled to a setoff sufficient to make the surcharge "a wash," as her counsel asserted. However, plaintiff repeatedly told the probate court in the 2021 hearing that she had no evidence and was entirely unable, and unwilling, to provide any accounting. And nothing in the record in this case indicates that plaintiff is any better prepared to present such evidence now. The surcharge order resolved this issue, directing plaintiff to repay RB's estate more than $120,000, the amount of unaccounted-for benefits paid over several years. Under MCR 5.801, that order was a final order appealable by right to this Court. Plaintiff had the opportunity to appeal and was unsuccessful because she failed to timely pursue her right to appeal. That 2021 order is now final with any appellate opportunities exhausted. Thus, the probate court properly concluded that plaintiff was barred from relitigating an issue that had been previously litigated in this case, and it correctly granted defendants' motion for summary disposition under MCR 2.116(C)(7).

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Anica Letica