*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LOREN WILSON NOYES,

        Plaintiff-Appellant,

v

OAKLAND UNIVERSITY,

        Defendant-Appellee.

UNPUBLISHED
July 14, 2025
10:20 AM

No. 373009
Court of Claims
LC No. 24-000084-MZ

Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

In this appeal involving the Court of Claims act, MCL 600.6401 *et seq*., and the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., plaintiff, Loren Noyes, appeals as of right the decision of the Court of Claims granting defendant, Oakland University, summary disposition under MCR 2.116(7). The court dismissed Noyes's claim based upon his failure to comply with the verification and notice requirements of MCL 600.6431 of the COCA. On appeal, Noyes contends that his compliance with the notice requirements in MCL 691.1406 (the public-building exception to governmental immunity) constituted compliance with the requirements in MCL 600.6431. For the reasons stated in this opinion, we reverse.

## I. BASIC FACTS

On October 21, 2023, Noyes, a wedding photographer, was injured when a storm grate over a culvert collapsed after he stepped on it. The grate was located outside a gazebo owned by the University and, according to Noyes's complaint, was entirely concealed by leaves. On November 15, 2023, Noyes served the University with a notice of intent (NOI) to file a claim under the public-building exception to governmental immunity. See MCL 691.1406.[1] The notice was

---

[1] In order to satisfy the public-building exception to governmental immunity, the plaintiff must prove that "(1) a governmental agency is involved, (2) the public building in question was open for use by members of the public, (3) a dangerous or defective condition of the public building

signed by Noyes's lawyer, but was not signed or verified by Noyes himself. Thereafter, on June 10, 2024, Noyes filed suit against the University in the Court of Claims, alleging that he had been injured as a direct and proximate result of the University's negligence.

In lieu of filing an answer, the University moved for summary disposition based upon Noyes's failure to verify his NOI as required by MCL 600.6431. Further, on its own motion, the Court of Claims entered an order directing Noyes "to show cause why this matter should not be dismissed for lack of a verified claim or notice of intention to file a claim under MCL 600.6431(2)(d)." Noyes conceded that he did not verify his NOI as required by MCL 600.6431. However, he argued that his compliance with the notice requirements in MCL 691.1406 constituted compliance with MCL 600.6431. The University argued in reply that Noyes's position had been rejected by the Supreme Court's decision in *Christie v Wayne State Univ*, 511 Mich 39, 52-53; 993 NW2d 333 (2023), which generally held that MCL 600.6431's notice requirements apply categorically to all claims against the state, except as otherwise exempted by MCL 600.6431. The Court of Claims agreed with the University and entered an order dismissing Noyes's claim for failure to comply with the verification and notice requirements in MCL 600.6431.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Noyes argues that the Court of Claims erred by granting summary disposition to the University. We review de novo a trial court's decision on a motion for summary disposition. *Fairley v Dep't of Corrections*, 497 Mich 290, 296; 871 NW2d 129 (2015). "The question whether compliance with MCL 600.6431 was required is an issue of statutory interpretation that is reviewed de novo." *Flamont v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d (2024) (Docket No. 367863); slip op at ___.

### B. ANALYSIS

Generally, governmental agencies are immune from tort liability if they are engaged in the discharge of a governmental function. MCL 691.1407; see also *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 203; 731 NW2d 41 (2007). There are several exceptions, including the public-building exception, which imposes a duty upon governmental agencies to repair and maintain public buildings that are under their control when the buildings are open for use by the public. MCL 691.1406. As a precondition to bringing a claim under the public-building exception, a plaintiff must comply with statutory notice requirements set forth in MCL 691.1406. Failure to

---

itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period or failed to take action reasonably necessary to protect the public against the condition after a reasonable period." *Kerbersky v Northern Mich Univ*, 458 Mich 525, 529; 582 NW2d 828 (1998). In the lower court proceedings, the University argued that Noyes's claim should fail because the gazebo and storm grate are not "public buildings." However, that issue is not presently before us.

comply with the notice requirements bars a plaintiff from recovering in tort. *Goodhue v Dep't of Transp*, 319 Mich App 526, 535; 904 NW2d 203 (2017).

MCL 691.1410(1) further provides that claims brought against the state under the GTLA "shall be brought in the manner provided in sections 6401 to 6475 of the revised judicature act of 1961, Act No 234 of the Public Acts of 1961, being sections 600.6401 to 600.6475 of the Michigan Complied Laws . . . ." Accordingly, and as explained by our Supreme Court, although MCL 600.6431 "does not confer governmental immunity, it establishes conditions precedent for avoiding the governmental immunity conferred by the GTLA, which expressly incorporates MCL 600.6431." *Fairley*, 497 Mich at 297. Thus, a plaintiff must "adhere to the conditions precedent in MCL 600.6431(1) to successfully expose the defendant state agencies to liability." *Id*. at 298.

MCL 600.6431(2)(d) plainly requires that in a lawsuit against the state, a plaintiff's notice of intent must be signed and verified by the claimant before an officer authorized to administer oaths. In contrast, MCL 691.1406 "does not require an injured person to sign or verify the notice before an officer who is authorized to administer oaths." *Russell v Detroit*, 321 Mich App 628, 645; 909 NW2d 507 (2017). On appeal, the University contends that Noyes's claim must be dismissed because it is undisputed that Noyes did not sign or verify his notice as required by MCL 600.6431(2)(d). In contrast, Noyes argues that his compliance with the notice requirements in MCL 691.1406 constituted compliance with MCL 600.6431.

Resolution of this issue turns on the proper interpretation and application of the relevant statutory provisions. "The primary goal when interpreting a statute is to discern the intent of the Legislature by focusing on the most reliable evidence of that intent, the language of the statute itself." *Christie*, 511 Mich at 47 (quotation marks and citation omitted). "When legislative intent is clear from the language, no further construction is required or permitted." *Fairley*, 497 Mich at 297. "[S]tatutes that relate to the same subject or that share a common purpose should, if possible, be read together to create a harmonious body of law." *People v Mazur*, 497 Mich 302, 313; 872 NW2d 201 (2015). When two applicable statutory provisions conflict, "the one that is more specific to the subject matter prevails over the provision that is only generally applicable." *Pike v Northern Mich Univ*, 327 Mich App 683, 693; 935 NW2d 86 (2019). Legislative intent can also be discerned from the overall statutory context in which the words or phrases appear. See *People v Pinkney*, 501 Mich 259, 268; 912 NW2d 535 (2018).

MCL 691.1406 expressly provides that "[n]otice to the state of Michigan shall be given as provided in [MCL 691.1404]." And MCL 691.1404(2) provides:

> In case of the state, such notice shall be filed in triplicate with the clerk of the court of claims. Filing of such notice *shall constitute compliance* with section 6431 of Act No. 236 of the Public Acts of 1961, being section 600.6431 of the Compiled Laws of 1948, requiring the filing of notice of intention to file a claim against the state. [Emphasis added.]

Thus, under MCL 691.1404(2)'s plain and unambiguous language, a claimant under the public-building exception who complies with the notice requirements in MCL 691.1404(2) is deemed to have satisfied the notice requirement in the COCA. See *Goodhue*, 319 Mich App at 536 (stating that MCL 691.1404(2)'s plain language "provides that compliance with MCL 691.1404 shall be

treated as compliance with MCL 600.6431, irrespective of the fact that MCL 600.6431's enumerated requirements may not have been satisfied"). See also *Pike*, 327 Mich App at 693 (holding that "the notice provisions in MCL 691.1404 and MCL 691.1406 are more specific to the subject matter and prevail over the notice provision in MCL 600.6431 that is only generally applicable to claims against the state").

The statutory context also supports our interpretation. The distinguishing feature of the verification requirement in MCL 600.6431 is that the claimant must sign their claim before an officer authorized to administer oaths, i.e., the claimant must swear under oath that the statements in his or her claim are factually true. *Russell*, 321 Mich App at 644. Although the notice requirements of MCL 691.1404 and MCL 691.1406 do not include such a verification requirement, they permit for other arrangements to compel a claimant to make a sworn statement prior to litigation:

> If required by the legislative body or chief administrative officer of the responsible governmental agency, the claimant shall appear to testify, if he is physically able to do so, and shall produce his witnesses before the legislative body, a committee thereof, or the chief administrative officer, or his deputy, or a legal officer of the governmental agency as directed by the legislative body or chief administrative officer of the responsible governmental agency, for examination under oath as to the claim, the amount thereof, and the extent of the injury. [MCL 691.1404(2).[2]]

No comparable procedure appears in the statutory sections for other exceptions to governmental immunity under the GTLA. See MCL 691.1405; MCL 691.1413; MCL 691.1407; MCL 691.1419. Consequently, reading the statute as a whole, it appears that the Legislature deliberately chose to treat claims under MCL 691.1404 and MCL 691.1406 differently from other claims under the GTLA with respect to sworn statements before litigation. That difference expressly includes deeming a notice filed under MCL 691.1404 as constituting compliance with the notice requirements in MCL 600.6431.

The trial court, in reaching the opposite conclusion, relied primarily on *Fairley*. In *Fairley*, our Supreme Court recognized that under the GTLA, "a claim satisfying an exception to governmental immunity against a state agency must be 'brought in the manner provided in . . .' MCL 600.6431." 497 Mich 297, quoting MCL 691.1410(1). It, therefore, held that litigants suing the state under the motor-vehicle exception to governmental immunity in the GTLA are required to file claims or notices that were verified as required by MCL 600.6431. *Fairley*, 497 Mich at 298. However, unlike the public-building exception at issue in this case, the statutory language addressing notice under the motor-vehicle exception to governmental immunity, MCL 691.1405, is silent on how to proceed with a claim against the state. Accordingly, *Fairley* is not dispositive to the proper interpretation of the interplay between the notice requirements in MCL 600.6431 and MCL 691.1406.

We also conclude that the University's reliance on *Christie* is misplaced. In that case, our Supreme Court held that "by its terms, MCL 600.6431(1) applies *categorically* to 'a claim' against

---

[2] MCL 691.1406 contains nearly identical language.

the state," and therefore "the notice requirements of MCL 600.6431(1) apply to *all claims* against the state, . . . except as otherwise exempted in MCL 600.6431 itself." *Christie*, 511 Mich at 44-45 (emphasis added). In a footnote, however, our Supreme Court explained:

> The GTLA says . . . that a notice that complies with its notice requirement also satisfies the notice requirement of MCL 600.6431. The GTLA dictates how a plaintiff must comply with MCL 600.6431 of the COCA in cases governed by the GTLA. The . . . language in MCL 691.1404(2) does not imply that other statutes that do not include such language exempt a party from complying with the otherwise applicable notice requirement in MCL 600.6431. To the contrary, the fact that [MCL 691.1404(2)][3] indicates that its notice requirement satisfies MCL 600.6431 suggests that the terms of MCL 600.6431's notice requirement would have otherwise applied. [*Christie*, 511 Mich at 53 n 35.]

The Supreme Court's discussion of the GTLA acknowledges that, in the relevant cases, compliance with MCL 691.1404 will satisfy MCL 600.6431 even though "the terms of MCL 600.6431's notice requirement would have otherwise applied." *Id.* In other words, although *Christie* states that a party suing the state must comply with MCL 600.6431, the Supreme Court also acknowledges that, by operation of law as set forth in MCL 691.1404, following the requirements of MCL 691.1404 itself constitutes such compliance.

Because the plain language of MCL 691.1404 states that a claimant's notice under MCL 691.1404 "shall constitute compliance" with the notice requirements in MCL 600.6431, we conclude that the trial court erred by summarily dismissing Noyes's complaint for failure to comply with MCL 600.6431.

Reversed. Noyes may tax costs as the prevailing party. MCR 7.219(A). We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin

---

[3] The *Christie* footnote mistakenly cites here to MCL 691.1402(2). In context, it is clear that the Court intended to cite to MCL 691.1404(2).

-5-