# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

FAIRLEY v DEPARTMENT OF CORRECTIONS
STONE v MICHIGAN STATE POLICE

Docket Nos. 149722 and 149940. Decided June 5, 2015.

In Docket No. 149722, Michelle R. Fairley brought an action in the Court of Claims against the Michigan Department of Corrections (MDOC) after an MDOC employee driving an MDOC vehicle ran a red light and struck her car, seriously injuring her. Plaintiff's counsel filed and signed a notice of intent to file a claim against MDOC in the Court of Claims; however, plaintiff herself did not sign the notice, as MCL 600.6431(1) requires. Defendant moved for summary disposition on the ground that the notice was defective for that reason. The Court of Claims, James S. Jamo, J., denied defendant's motion, ruling that defendant had waived this argument by failing to plead it as an affirmative defense. The Court of Appeals, CAVANAGH, P.J., and OWENS and STEPHENS, JJ., affirmed in an unpublished opinion per curiam issued June 10, 2014 (Docket No. 315594). Defendant applied for leave to appeal in the Supreme Court.

In Docket No. 149940, Lori L. Stone brought an action in the Court of Claims against the Michigan State Police (MSP) for injuries she sustained when her stopped vehicle was struck by two MSP patrol cars. Plaintiff filed a notice of intent to file a claim against the MSP in the Court of Claims; however, the notice did not indicate that it had been verified before an officer authorized to administer oaths, as MCL 600.6431(1) requires. Defendant moved for summary disposition on the ground that the notice was defective for that reason. The Court of Claims, David S. Swartz, J., granted the motion, ruling that, although plaintiff's counsel had later averred that he was a notary public authorized to administer oaths, that fact was not apparent from the notice. The Court of Appeals, CAVANAGH, P.J., and OWENS and STEPHENS, JJ., reversed in an unpublished opinion per curiam issued July 8, 2014 (Docket No. 314848), holding that MCL 600.6431(1) did not require evidence of the oath or affirmation to appear on the face of the notice and that a failure to comply with the procedural prerequisites of MCL 600.6431(1) was an affirmative defense that is waived if not timely raised. Defendant applied for leave to appeal in the Supreme Court.

In a memorandum opinion signed by Chief Justice YOUNG and Justices MARKMAN, KELLY, ZAHRA, McCORMACK, VIVIANO, AND BERNSTEIN, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

A notice of intent to file a claim against a department of the state under MCL 600.6431 that lacks any indication that it was signed and verified before an officer authorized to administer oaths is defective and provides a complete defense that may be raised at any time by a defendant entitled to governmental immunity. While MCL 600.6431 does not confer governmental immunity, it establishes conditions precedent for avoiding the governmental immunity conferred by the governmental tort liability act, MCL 691.1401 *et seq*. As a result, plaintiffs were required to adhere to the conditions precedent in MCL 600.6431(1) to successfully expose defendants to liability. The notice in *Fairley* was not signed by the claimant, and the notice in *Stone* did not indicate that it had been verified before an officer authorized to administer an oath. The affidavit of Stone's attorney indicating that he was a notary public did not cure this deficiency because it was untimely. Therefore, plaintiffs' claims should have been dismissed.

In *Fairley*, Docket No. 149722, Court of Appeals judgment reversed; case remanded to the Court of Claims for entry of an order granting summary disposition in favor of defendant.

In *Stone*, Docket No. 149940, Court of Appeals judgment reversed; case remanded to the Court of Claims for reentry of its original order granting summary disposition in favor of defendant.

©2015 State of Michigan

# OPINION

Chief Justice:        Justices:
Robert P. Young, Jr.  Stephen J. Markman
                      Mary Beth Kelly
                      Brian K. Zahra
                      Bridget M. McCormack
                      David F. Viviano
                      Richard H. Bernstein

FILED  June 5, 2015

## STATE OF MICHIGAN

## SUPREME COURT

MICHELLE RENEE FAIRLEY,

    Plaintiff-Appellee,

v                                             No. 149722

DEPARTMENT OF CORRECTIONS,

    Defendant-Appellant.

_____

LORI L. STONE,

    Plaintiff-Appellee,

v                                             No. 149940

MICHIGAN STATE POLICE,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

We consider in these consolidated cases whether a claimant's failure to comply with the notice verification requirements of MCL 600.6431 provides a complete defense

in an action against the state or one of its departments. We conclude that a notice lacking any indication that it was signed and verified before an officer authorized to administer oaths is defective and, contrary to the Court of Appeals' conclusion, is a complete defense that may be raised at any time by a defendant entitled to governmental immunity. Accordingly, and in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals in both *Stone v Michigan State Police* and *Fairley v Department of Corrections* and remand the cases to the Court of Claims for reinstatement of the order granting defendant's motion for summary disposition in the former and for entry of an order granting defendant's motion for summary disposition in the latter.

The purpose of MCL 600.6431 is to establish those conditions precedent to pursuing a claim against the state. One of these conditions provides:

> No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths. [MCL 600.6432(1).]

Plainly, then, unless a claimant's notice is "signed and verified by the claimant before an officer authorized to administer oaths," a claim cannot proceed against the state. In both cases here, plaintiffs claim that nothing in the statute requires anyone other than the claimant to sign the notice and successfully argued in the Court of Appeals that defendants' arguments for summary disposition regarding notice were waived because the plaintiffs' alleged noncompliance with the statutory notice requirements was an

2

affirmative defense that was not timely pleaded. Alternatively, defendants, both state agencies entitled to governmental immunity unless an exception applies, contend that complainants must "strictly" comply with the notice requirements in order to proceed. We conclude that failing to indicate anywhere on or with the notice that the document was verified before an officer authorized to administer oaths falls short of "strict" compliance and, as a result, plaintiffs' cases must be dismissed.

## I. FACTS AND PROCEEDINGS BELOW

### A. *FAIRLEY v DEP'T OF CORRECTIONS*

On March 11, 2011, plaintiff Michelle Fairley was injured in an automobile accident after a Michigan Department of Corrections (MDOC) vehicle, operated by an MDOC employee, ran a red light and struck Fairley's car. Plaintiff faced life-altering injuries—to the brain, neck, and back—as well as associated pain, suffering, and emotional harm. Plaintiff's counsel subsequently filed a notice of injury and intent to hold MDOC liable in the Court of Claims. The parties do not dispute the timeliness of the notice[1] or the propriety of MDOC's designation as the responsible governmental agency.[2] The notice plainly stated the facts surrounding the accident, including the location of the accident and the parties involved. While Fairley herself did not sign the notice, her attorney's signature and the date appeared below the following disclaimer:

---

[1] MCL 600.6431(3) provides, in pertinent part, that "claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action."

[2] MCL 600.6431(2) likewise provides, in part, that "[s]uch claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim . . . ."

3

This notice is intended to comply with all requirements of the law and all applicable statutes, ordinances, rules, and regulations. . . . If you believe this notice does not comply in any way with the notice requirement of the governing bodies of the State of Michigan and/or MDOC, or with an statute, ordinance, rule or regulation, you should immediately notify by written notice. Any additional information required by statute[,] ordinance, rule, or regulation will be promptly furnished.

After Fairley filed her complaint with the court, defendant responded with more than 20 affirmative defenses. Although none of these defenses argued that plaintiff's notice of intent to file a claim was defective, defendant MDOC filed a motion for summary disposition arguing that plaintiff's notice of intent to file a claim failed to meet the standards set out in MCL 600.6431(1). The Court of Claims denied defendant's motion for summary disposition, citing *Kielb v Wayne State University Board of Governors*, unpublished opinion per curiam of the Court of Appeals, issued October 2, 2012 (Docket No. 305927) in which the Court held that a defendant waives an issue of noncompliance with MCL 600.6431 if it is not pleaded as an affirmative defense. The Court of Appeals affirmed in an unpublished opinion per curiam.[3]

B. *STONE v MICHIGAN STATE POLICE*

Lori Stone injured her neck when her stopped car was struck by two Michigan State Police patrol cars on May 19, 2007. Following the accident, Stone underwent surgery to fuse two of her neck vertebrae.

Stone subsequently filed a notice of intent to file a claim with the Court of Claims. As was the case in *Fairley*, the parties do not dispute the timeliness of the notice or that,

---

[3] *Fairley v Mich Dep't of Corrections*, unpublished opinion per curiam of the Court of Appeals, issued June 10, 2014 (Docket No. 315594).

4

at the time of filing, this notice plainly stated the facts surrounding the accident including the location of the accident and the parties involved. The notice concluded with the statement "I declare that the statements above are true to the best of my information, knowledge, and belief." The notice, undated, was signed by plaintiff and signed and "respectfully submitted" by her attorney, John Kline. Nevertheless, more than two years after responding to plaintiff's complaint, defendant filed a motion for summary disposition arguing that the notice supplied by plaintiff's counsel failed to meet the requirements of MCL 600.6431(1). Specifically, at the hearing on the motion, defendant argued:

> What these notices are about is governmental immunity. It's exactly about putting up . . . restraints on cases that can be brought against the State. The Supreme Court can't be more clear, if you don't meet the requirements you don't abrogate governmental immunity. And the issue isn't what verify or verification means, it's what verify before an officer authorized to administer oaths means, and there's just no evidence anywhere in this notice, the notice itself, that it was verified before an officer authorized to administer oaths.

The Court of Claims agreed with defendant and signed an order granting summary disposition in its favor. In an unpublished opinion per curiam, the Court of Appeals reversed, concluding that the Court of Claims had erred and that the "the statute [MCL 600.6431(1)] does not . . . require that evidence of the oath or affirmation be on the face of the notice."[4] The panel further stated that a failure to comply with "purely procedural

---

[4] *Stone v Dep't of State Police*, unpublished opinion per curiam of the Court of Appeals, issued July 8, 2014 (Docket No. 314848) p 7.

pre-requisites," such as those enumerated in MCL 600.6431, was an affirmative defense that must be timely raised or is waived.[5] The case is now before this Court on appeal.

## II. STANDARD OF REVIEW

This Court reviews de novo a lower court's decision to grant or deny a motion for summary disposition.[6] Further, the meaning of the final provision in MCL 600.6431(1)—requiring the notice to be "signed and verified by the claimant before an officer authorized to administer oaths"—is a question of statutory interpretation, which we likewise review de novo.[7] The primary goal when interpreting a statute is to discern the intent of the Legislature by focusing on the most "reliable evidence" of that intent, the language of the statute itself.[8] When legislative intent is clear from the language, no further construction is required or permitted.[9]

## III. ANALYSIS

The issue in these cases is whether plaintiffs' notices were "signed and verified by the claimant before an officer authorized to administer oaths" and if not, whether an

---

[5] *Id*. at 7, quoting *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208, 212-213; 840 NW2d 730 (2013).

[6] *McCahan v Brennan*, 492 Mich 730, 735; 822 NW2d 747 (2012).

[7] *Spectrum Health Hosp v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012).

[8] *Id*.

[9] *Id*. at 534, citing *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

ineffective notice in a case involving governmental immunity must nonetheless be pleaded as an affirmative defense or be waived.

Under the government tort liability act (GTLA), MCL 691.1401 *et seq*., governmental agencies are broadly shielded from tort liability. Here, the defendants are two such agencies: the Department of Corrections and the Michigan State Police. However, the accidents involving plaintiffs Fairley and Stone are alleged to fall within the motor vehicle exception to governmental immunity.[10] In accordance with MCL 691.1410(1), a claim satisfying an exception to governmental immunity against a state agency must be "brought in the manner provided in [the Revised Judicature Act]," including MCL 600.6431. That is, while MCL 600.6431 does not "confer governmental immunity," it establishes conditions precedent for avoiding the governmental immunity conferred by the GTLA, which expressly incorporates MCL 600.6431.[11] As a result, plaintiffs must adhere to the conditions precedent in MCL 600.6431(1) to successfully expose the defendant state agencies to liability.

It is well established that governmental immunity is not an affirmative defense, but is instead a characteristic of government. *Mack v Detroit*, 467 Mich 186, 198; 649 NW2d 47 (2002). "[I]t is the responsibility of the party seeking to impose liability on a

---

[10] MCL 691.1405.

[11] This is contrary to the Court of Appeals' observation in *Fairley* that "the text of the statute makes no mention of governmental immunity" and "rather than precluding the filing of suit against the state . . . establishes procedures for doing so." *Fairley*, unpub op, at 2.

7

governmental agency to demonstrate that its case falls within one of the exceptions [to governmental immunity]." *Id.* at 201. Furthermore, as we explained in *McCahan*:

> [W]hen the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiff's meeting certain notice requirements that the plaintiff fails to meet, no saving construction—such as requiring a defendant to prove actual prejudice—is allowed.[12]

In MCL 600.6431(1), the Legislature has qualified a claimant's ability to bring a claim against the state by requiring that "the claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths." While the Court of Appeals observed that "[t]he statute does not prescribe the kind of inquiry that must be made nor does any language in the statute require that evidence of the oath or affirmance be on the face of the notice,"[13] this Court's decision in *McCahan v Brennan* provided insight into the purpose to be served by the notice provision:

> [T]he Legislature has established a clear procedure that eliminates any ambiguity about whether an attempted notice is effective. A claimant who complies with MCL 600.6431 need not worry about whether a notice was properly received and processed by the correct governmental entity. By the same token, state entities can be secure knowing that only timely, verified claims in notices filed with the Court of Claims can give rise to potential liability . . . .[14]

---

[12] *McCahan*, 492 Mich at 746; relied on in *Zelek v Michigan*, unpublished opinion per curiam of the Court of Appeals, issued October 16, 2012 (Docket No. 305191).

[13] *Stone v Mich State Police*, unpublished opinion per curiam of the Court of Appeals, issued July 8, 2014 (Docket No. 314848), p 7.

[14] *McCahan*, 492 Mich at 744 n 24; see *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 212; 731 NW 2d (2007) (stating that "additional reasons . . . for requiring notice [in cases involving governmental immunity] . . . include[] . . . creating [monetary] reserves . . . reducing the uncertainty of the extent of future demands, or even to force a claimant to an early choice regarding how to proceed").

If a notice, such as those here, fails to *show* that it was signed and verified before an officer authorized to administer oaths, how would a governmental entity be assured that the notice, which seeks to impose liability, was actually verified? It is for this very reason that MCL 600.6431 requires more than the mere *act* of verification and instead requires some *proof* of that verification—that, as defendant states, "the notice bear an indication that the signature was signed and sworn to before an officer authorized to administer oaths."[15]

## A. APPLICATION TO *FAIRLEY*

We are satisfied that there is no material factual dispute regarding the notice submitted by plaintiff Fairley, as it is undisputed that she failed to sign the notice of intent. Accordingly, plaintiff did not submit a notice "signed by the claimant" as required by the plain language of the statute. Further, because the MDOC is a state agency entitled to governmental immunity, we conclude that defective notice need not be pleaded as an affirmative defense because defendants are presumed to be entitled to governmental immunity, and the burden is on plaintiff to prove that one of the exceptions to governmental immunity is applicable.

For these reasons, we conclude that plaintiff Fairley's notice was insufficient to maintain a claim against MDOC and, as a result, Fairley's claim should be dismissed.

---

[15] Moreover, as this Court stated in *Rowland*, common sense counsels in favor of this outcome, given that "the Legislature is not even required to provide [any] exception to governmental immunity, it surely has the authority to allow such suits only upon compliance with rational limits." *Id*. at 212.

9

Accordingly, the Court of Claims improperly denied defendant's motion for summary disposition.

## B. APPLICATION TO *STONE*

We also reject plaintiff Stone's notice for the similar reason that it was not clear from the face of the document that it was verified "before an officer authorized to administer oaths." We are unpersuaded that the belated affidavit of plaintiff's counsel asserting his dual role as attorney and notary public can cure this deficiency. Plaintiff Stone's notice was either unverified but timely or untimely but verified, and in either circumstance it fails to meet the conditions precedent to maintaining a suit against the Michigan State Police.[16]

For these reasons, we likewise conclude that Stone's claim should be dismissed. Accordingly, the Court of Claims properly granted defendant summary disposition and the Court of Appeals erred by reversing that order.

## IV. CONCLUSION

In *Fairley*, we hold that the lower courts erred by concluding that defendant was not entitled to summary disposition based on the plaintiff's failure to comply with the notice requirements of MCL 600.6431(1). In *Stone*, we hold that the Court of Appeals erred by reversing the Court of Claims' ruling granting defendant's motion for summary disposition on that same basis. Accordingly, we reverse both judgments of the Court of Appeals. Because the notices supplied by each plaintiff failed to meet the requirements of

---

[16] MCL 600.6431(1) and (3).

10

MCL 600.6431(1), plaintiffs failed to defeat the protection of governmental immunity to which MDOC and the Michigan State Police are entitled.[17]

In lieu of granting defendants' application for leave to appeal, we reverse the judgment of the Court of Appeals in *Fairley* and remand that case to the Court of Claims for entry of an order granting summary disposition in favor of defendant. We also reverse the judgment of the Court of Appeals in *Stone* and remand that case to the Court of Claims for reentry of its original order granting summary disposition in favor of defendant.

> Robert P. Young, Jr.
> Stephen J. Markman
> Mary Beth Kelly
> Brian K. Zahra
> Bridget M. McCormack
> David F. Viviano
> Richard H. Bernstein

---

[17] Again, *Fairley* and *Stone* present questions of the adequacy of notice in a governmental immunity case. Thus, and contrary to both Court of Appeals opinions, the outcome of these cases is entirely separate from the analysis on statutory notice provisions in medical malpractice actions found in *Tyra v Organ Procurement Agency of Mich,* 302 Mich App 208 (2013), oral argument on application granted 497 Mich 910 (2014); compare *Costa v Community Emergency Med Servs, Inc*, 475 Mich 403; 716 NW2d 236 (2006) (involving a medical malpractice claim against defendants entitled to governmental immunity).