*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

TOTAL COMFORT PHYSICAL THERAPY,

        Plaintiff-Appellee,

v

AUTO CLUB GROUP INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
August 17, 2023

No. 362444
Macomb Circuit Court
LC No. 2022-000464-NF

---

TOTAL COMFORT PHYSICAL THERAPY,

        Plaintiff-Appellee,

v

AUTO CLUB GROUP INSURANCE COMPANY,

        Defendant-Appellant.

No. 362479
Macomb Circuit Court
LC No. 2022-000467-NF

---

Before: O'BRIEN, P.J., and CAVANAGH and MARKEY, JJ.

PER CURIAM.

In each of these consolidated appeals, defendant appeals by leave granted a trial court order denying its motion for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction), (C)(8) (failure to state a claim on which relief can be granted), and (C)(10) (no genuine issue of material fact), in these actions for recovery of personal protection insurance (PIP) benefits under the no-fault act. We affirm in each appeal.

## I. FACTS AND PROCEEDINGS

Defendant's insureds sustained injuries in motor vehicle accidents. Each insured received physical therapy treatment from plaintiff, who sought payment from defendant. Defendant

conducted a utilization review for each insured pursuant to MCL 500.3157a and determined that both insureds "overutilized" plaintiff's physical therapy services by receiving treatments in excess of the recommended number of treatments for patients with the insureds' injuries under medical guidelines. Accordingly, defendant denied payment of PIP benefits for additional physical therapy services for each insured.

Plaintiff thereafter filed separate actions in circuit court, each as an assignee of the insured claimant, for recovery of PIP benefits related to the insureds' physical therapy services. In each case, defendant moved for summary disposition, arguing that the trial court lacked subject-matter jurisdiction because plaintiff was required by MCL 500.3157a(5) to appeal the adverse utilization review decisions to the Department of Insurance and Financial Services (DIFS) before seeking relief in circuit court. Plaintiff responded by arguing in both cases that any administrative appeal was only permissive, not mandatory. Plaintiff further argued that even if a DIFS appeal under MCL 500.3157a(5) was mandatory, it was not relevant to these cases because the statute does not apply to an insured and it brought these actions as the insureds' assignees, and therefore, it had the same rights as the insureds, including the right to bring a direct action against defendant without first exhausting administrative remedies. In both cases the trial court agreed with plaintiff and denied defendant's motions. This Court granted defendant's interlocutory application for leave to appeal in each case and consolidated the two appeals. *Total Comfort Physical Therapy v Auto Club Group Ins Co*, unpublished order of the Court of Appeals, entered November 23, 2022 (Docket No. 362444); *Total Comfort Physical Therapy v Auto Club Group Ins Co*, unpublished order of the Court of Appeals, entered November 23, 2022 (Docket No. 362479).

## II. ANALYSIS

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). Summary disposition is appropriate under MCR 2.116(C)(4) when a trial court lacks subject-matter jurisdiction. *McKenzie v Dep't of Corrections*, 332 Mich App 289, 296; 957 NW2d 341 (2020). "When viewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact."[1] *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008) (quotation marks and citation omitted). Issues concerning the interpretation of a statute present questions of law, which are reviewed de novo. *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "The primary goal when interpreting a statute is to discern the intent of the Legislature by focusing on the most 'reliable evidence' of that intent, the language of the statute itself." *Fairley v Dep't of Corrections*, 497 Mich 290, 296-297; 871 NW2d 129 (2015) (citation omitted).

---

[1] Although defendant also moved for summary disposition under MCR 2.116(C)(8) and (C)(10) in each case, all of defendant's arguments are premised on its claim that the trial court lacked subject-matter jurisdiction because plaintiff did not pursue an appeal to DIFS under MCL 500.3157a(5). Defendant does not present separate arguments in support of summary disposition under MCR 2.116(C)(8) or (C)(10).

At issue in these cases are MCL 500.3112 and MCL 500.3157a, which were enacted by 2019 PA 21, as part of a package of amendments to the no-fault act. MCL 500.3112 permits a healthcare provider to "make a claim and assert a direct cause of action against an insurer . . . to recover overdue [PIP] benefits payable for charges for products, services, or accommodations provided to an injured person." MCL 500.3157a permits an insurer to conduct a "utilization review" to determine whether a provider's services, treatments, and products are appropriate for a patient with symptoms such as the insured's. "Utilization review" is defined as "the initial evaluation by an insurer . . . of the appropriateness in terms of both the level and the quality of treatment . . . based on medically accepted standards." MCL 500.3157a(6). Of significance to these cases is MCL 500.3157a(5), which provides a mechanism for appealing an insurer's utilization review decision to DIFS.

The issue presented in these appeals is whether a healthcare provider is required to administratively appeal an adverse utilization review decision to DIFS before bringing an action in circuit court for recovery of PIP benefits. This Court recently decided this identical issue in *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 362094), and held that "the administrative appeal provided by MCL 500.3157a(5) . . . [is] permissive, not mandatory," and therefore, a healthcare provider may "file suit under MCL 500.3112 without exhausting the permissive, nonexclusive administrative appeal." *Id.* at ___; slip op at 11. This Court's decision in *True Care Physical Therapy* is dispositive of the instant appeals.

In *True Care Physical Therapy*, this Court discussed the legislative history related to the no-fault utilization review procedure in MCL 500.3157a, explaining:

> The no-fault act is Michigan's statutory framework for insurance coverage, compensation, and dispute resolution related to motor vehicle accidents. See MCL 500.3101 *et seq*. Its goals are to provide individuals injured in motor vehicle accidents with assured, adequate, and prompt recovery, minimize administrative delays and factual disputes, and moderate the costs to the individual and to the system. *Spectrum Health Hosp v Farm Bureau Mut Ins Co of Mich*, 333 Mich App 457, 479-480; 960 NW2d 186 (2020). In June 2019, our Legislature passed comprehensive reforms to the no-fault act. Two of those reforms are at issue in this case: (1) amendments that allow insurers to conduct a utilization review, see MCL 500.3157a; and (2) amendments that provide healthcare providers with a direct cause of action against insurers for the collection of PIP benefits, see MCL 500.3112. [*True Care Physical Therapy*, ___ Mich App at ___; slip op at 5.]

MCL 500.3157a(1)(a) provides that a healthcare provider "is considered to have agreed" that it will "[s]ubmit necessary records and other information concerning treatment, products, services, or accommodations provided for utilization review under this section." The provider also "is considered to have agreed" to "[c]omply with any decision of the department under this section." MCL 500.3157a(1)(b). DIFS is required to promulgate rules under the APA to "[e]stablish criteria or standards for utilization review that identify utilization of treatment . . . above the usual range of utilization for the treatment . . . based on medically accepted standards." MCL 500.3157a(3)(a). DIFS also is required to "[p]rovide procedures related to utilization review," including procedures for appealing determinations. MCL 500.3157a(3)(b)(*iii*). If the

insurer finds that the provider's treatments "are longer in duration than, are more frequent than, or extend over a greater number of days than the treatment . . . usually require[s] for the diagnosis or condition for which the patient is being treated," the insurer may require the provider "to explain the necessity or indication for the treatment . . . in writing under the procedures provided under subsection (3)." MCL 500.3157a(4). At issue in this appeal is MCL 500.3157a(5), which states:

> If an insurer or the association created under section 3104 determines that a physician, hospital, clinic, or other person overutilized or otherwise rendered or ordered inappropriate treatment, products, services, or accommodations, or that the cost of the treatment, products, services, or accommodations was inappropriate under this chapter, the physician, hospital, clinic, or other person *may appeal* the determination to the department under the procedures provided under subsection (3). [Emphasis added.]

Mich Admin Code, R 500.61-500.69, prescribes procedures for utilization reviews. Rule 500.65 governs appeals to the DIFS. Rule 500.65(1) provides:

> A provider *may* appeal a determination made by an insurer or the association. The appeal must be filed within 90 days of the date of the disputed determination and must be made on a form prescribed by the department. [Emphasis added.]

In *True Care Physical Therapy*, the plaintiff physical therapy facility provided ongoing services to the insured over a two-year period. *True Care Physical Therapy*, ___ Mich App at ___; slip op at 1. The defendant no-fault insurer discontinued paying for the treatments after it conducted a utilization review. "The utilization review concluded that True Care's treatment exceeded the American College of Occupational and Environmental Medicine (ACOEM) guidelines' recommendations for the frequency and duration of treatment for injuries" such as the insured's. *Id*. at ___; slip op at 2. The defendant issued explanation of benefit statements to the plaintiff indicating that the plaintiff could submit an appeal "to the Department of Insurance and Financial Services pursuant to Utilization Review Rule 500.65," but the plaintiff did not appeal the utilization review decision. *Id*. at ___; slip op at 2. The plaintiff filed a complaint against the defendant in circuit court, alleging that the defendant breached its contractual obligation to pay PIP benefits for the insured's treatment. This Court summarized the trial court proceedings as follows:

> All of Auto Club's arguments stemmed from its core position that MCL 500.3157a of the no-fault act and Rule 500.65 of the Michigan Administrative Code required True Care to appeal to the DIFS before filing suit. True Care responded, arguing that it had a valid enforceable assignment of PIP benefits from [the insured], and that MCL 500.3112 of the no-fault act explicitly granted it the right to pursue a direct cause of action against the insurer in the trial court. An administrative appeal to the DIFS was not mandatory, True Care insisted, and that if it were, that rule would conflict with other portions of the no-fault act, including MCL 500.3112, 500.3142, and 500.3145. [*True Care Physical Therapy*, ___ Mich App at ___; slip op at 2-3.]

-4-

This Court noted that although the defendant moved for summary disposition under MCR 2.116(C)(4), (C)(8), and (C)(10), Subrule (C)(4) was the only pertinent subrule because the primary issue was whether the trial court had subject-matter jurisdiction. The defendant insurer did not present a meaningful argument regarding MCR 2.116(C)(8) or (C)(10). *Id*. at ___; slip op at 4 n 4. This Court concluded that "the unambiguous language of MCL 500.3157a(5), its related regulations, and MCL 500.3112 compel a conclusion that the administrative appeal provided under MCL 500.3157(a)(5) and Rule 500.65 is permissive, not mandatory." *Id*. at ___; slip op at 6. This Court stated that the phrase in MCL 500.3157a(5), that the provider " 'may appeal the determination' to the DIFS" indicated "that both the Legislature and the DIFS intended subsection 3157a(5) and Rule 500.65 to provide an alternative and discretionary way to appeal a utilization review determination to the DIFS, not an exclusive or mandatory method for challenging denial of benefits." *True Care Physical Therapy*, ___ Mich App at ___; slip op at 7. This Court rejected the defendant's argument that "may" should be construed as "shall" or "must." *Id*. This Court further concluded that the Legislature in MCL 500.3112 "did not use language expressing an intent to grant the DIFS exclusive jurisdiction." *True Care Physical Therapy*, ___ Mich App at ___; slip op at 10. Accordingly, the plaintiff healthcare provider "remained free to pursue its action in circuit court without exhausting this permissive administrative process." *Id*.

The instant cases are not materially distinguishable from *True Care Physical Therapy*. This Court's analysis in *True Care Physical Therapy* is equally applicable to these cases and compels the conclusion that the appeal procedure in MCL 500.3157a is voluntary, not mandatory. Therefore, in both cases, the trial court did not err by denying defendant's motion for summary disposition on the ground of lack of subject-matter jurisdiction.

Defendant raises additional arguments that its interpretation of MCL 500.3157a(5) is consistent with the Legislature's intentions in reforming the no-fault system with the 2019 statutory amendments. Defendant offers an analysis disputing plaintiff's argument that a mandatory administrative appeal under § 3157a(5) conflicts with a healthcare provider's right to a direct action against a no-fault insurer under § 3112. These arguments do not undermine this Court's analysis of the statutory language in *True Care Physical Therapy*. In interpreting a statute, this Court "must give effect to every word, phrase, and clause in a statute, to avoid rendering any part of the statute nugatory or surplusage." *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 71; 894 NW2d 535 (2017). "Judicial construction is not permitted when the language is clear and unambiguous." *Barrow v Detroit Election Comm*, 301 Mich App 404, 414; 836 NW2d 498 (2013). "Courts apply unambiguous statutes as written." *Id*. In *True Care Physical Therapy*, this Court concluded that the language of MCL 500.3157a(5) and Rule 500.65 plainly state that

the DIFS appeal process is voluntary, not mandatory. Because defendant's arguments look beyond the statutory language to infer that the Legislature must have intended a meaning different from the meaning expressed by the statute's plain language, we must reject those arguments.[2]

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Jane E. Markey

---

[2] Plaintiff additionally argues that the DIFS appeal procedure, whether permissive or mandatory, is irrelevant to these cases because it brought these actions as an assignee of the insured claimants. It would only be necessary to consider this alternative argument if we were to agree with defendant's interpretation of MCL 500.3157a(5). Having squarely rejected that interpretation on the authority of *True Care Physical Therapy*, it is unnecessary to consider the effect of the availability of an appeal under MCL 500.3157a(5) on a healthcare provider who brings an action as an assignee of an insured.