*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FERNDALE REHABILITATION CENTER,

      Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

      Defendant-Appellant,

and

JOHN DOE INSURANCE COMPANY,

      Defendant.

UNPUBLISHED
August 17, 2023

No. 362511
Oakland Circuit Court
LC No. 2022-194698-AV

Before: O'BRIEN, P.J., and CAVANAGH and MARKEY, JJ.

PER CURIAM.

Plaintiff, Ferndale Rehabilitation Center, brought this healthcare provider's action in district court against defendant, Auto Club Insurance Association, for recovery of personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. Defendant moved for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction), (C)(8) (failure to state a claim on which relief can be granted), and (C)(10) (no genuine issue of material fact), arguing that the court lacked subject-matter jurisdiction because defendant had previously denied benefits after conducting a utilization review under MCL 500.3157a, and plaintiff failed to appeal that determination to the Department of Insurance and Financial Services (DIFS) before bringing this action in court. The district court denied defendant's motion. Defendant then filed an interlocutory application for leave to appeal the district court's order to the circuit court, which denied the application. This Court thereafter granted defendant's application for leave to appeal. We affirm the district court's decision.

## I. FACTS AND PROCEEDINGS

Plaintiff provided physical therapy and chiropractic services to defendant's insured for injuries the insured sustained in a motor vehicle accident. After conducting a utilization review of plaintiff's treatments under MCL 500.3157a, defendant determined that the number of plaintiff's treatments exceeded medical guidelines for patients with the insured's symptoms. Accordingly, defendant discontinued payment of further PIP benefits for the insured's physical therapy and chiropractic treatments.

Plaintiff thereafter filed this provider's action in district court, pursuant to MCL 500.3112, for recovery of PIP benefits. Defendant moved for summary disposition under MCR 2.116(C)(4), (C)(8), and (C)(10). Defendant argued that because it denied benefits after conducting a utilization review of plaintiff's claim, MCL 500.3157a(5) required plaintiff to appeal that adverse decision to DIFS before filing a judicial action for recovery of benefits. Defendant asserted that plaintiff's failure to exhaust its administrative remedies deprived the court of subject-matter jurisdiction. The district court denied defendant's motion, holding that an administrative appeal under MCL 500.3157a(5) was not mandatory. Defendant applied to the circuit court for leave to review the district court's order, but the circuit court denied defendant's application. This Court thereafter granted defendant's application for leave to appeal. *Ferndale Rehab Ctr v Auto Club Ins Ass'n*, unpublished order of the Court of Appeals, entered October 20, 2022 (Docket No. 362511).

## II. ANALYSIS

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). Summary disposition is appropriate under MCR 2.116(C)(4) when a trial court lacks subject-matter jurisdiction. *McKenzie v Dep't of Corrections*, 332 Mich App 289, 296; 957 NW2d 341 (2020). "When viewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact."[1] *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008) (quotation marks and citation omitted). Issues concerning the interpretation of a statute present questions of law, which are reviewed de novo. *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "The primary goal when interpreting a statute is to discern the intent of the Legislature by focusing on the most 'reliable evidence' of that intent, the language of the statute itself." *Fairley v Dep't of Corrections*, 497 Mich 290, 296-297; 871 NW2d 129 (2015) (citation omitted).

At issue in this case are MCL 500.3112 and MCL 500.3157a, which were enacted by 2019 PA 21, as part of a package of amendments to the no-fault act. MCL 500.3112 permits a healthcare

---

[1] Although defendant also moved for summary disposition under MCR 2.116(C)(8) and (C)(10), all of defendant's arguments are premised on its claim that the trial court lacked subject-matter jurisdiction because plaintiff did not pursue an appeal to DIFS under MCL 500.3157a(5). Defendant does not present separate arguments in support of summary disposition under MCR 2.116(C)(8) or (C)(10).

provider to "make a claim and assert a direct cause of action against an insurer . . . to recover overdue [PIP] benefits payable for charges for products, services, or accommodations provided to an injured person." MCL 500.3157a permits an insurer to conduct a "utilization review" to determine whether a provider's services, treatments, and products are appropriate for a patient with symptoms such as the insured's. "Utilization review" is defined as "the initial evaluation by an insurer . . . of the appropriateness in terms of both the level and the quality of treatment . . . based on medically accepted standards." MCL 500.3157a(6). Of significance to this case is MCL 500.3157a(5), which provides a mechanism for appealing an insurer's utilization review decision to DIFS.

The issue presented in this appeal is whether a healthcare provider is required to administratively appeal an adverse utilization review decision to DIFS before bringing an action in circuit court for recovery of PIP benefits. This Court recently decided this identical issue in *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 362094), and held that "the administrative appeal provided by MCL 500.3157a(5) . . . [is] permissive, not mandatory," and therefore, a healthcare provider may "file suit under MCL 500.3112 without exhausting the permissive, nonexclusive administrative appeal." *Id.* at ___; slip op at 11. This Court's decision in *True Care Physical Therapy* is dispositive of the instant appeal.

In *True Care Physical Therapy*, this Court discussed the legislative history related to the no-fault utilization review procedure in MCL 500.3157a, explaining:

> The no-fault act is Michigan's statutory framework for insurance coverage, compensation, and dispute resolution related to motor vehicle accidents. See MCL 500.3101 *et seq*. Its goals are to provide individuals injured in motor vehicle accidents with assured, adequate, and prompt recovery, minimize administrative delays and factual disputes, and moderate the costs to the individual and to the system. *Spectrum Health Hosp v Farm Bureau Mut Ins Co of Mich*, 333 Mich App 457, 479-480; 960 NW2d 186 (2020). In June 2019, our Legislature passed comprehensive reforms to the no-fault act. Two of those reforms are at issue in this case: (1) amendments that allow insurers to conduct a utilization review, see MCL 500.3157a; and (2) amendments that provide healthcare providers with a direct cause of action against insurers for the collection of PIP benefits, see MCL 500.3112. [*True Care Physical Therapy*, ___ Mich App at ___; slip op at 5.]

MCL 500.3157a(1)(a) provides that a healthcare provider "is considered to have agreed" that it will "[s]ubmit necessary records and other information concerning treatment, products, services, or accommodations provided for utilization review under this section." The provider also "is considered to have agreed" to "[c]omply with any decision of the department under this section." MCL 500.3157a(1)(b). DIFS is required to promulgate rules under the APA to "[e]stablish criteria or standards for utilization review that identify utilization of treatment . . . above the usual range of utilization for the treatment . . . based on medically accepted standards." MCL 500.3157a(3)(a). DIFS also is required to "[p]rovide procedures related to utilization review," including procedures for appealing determinations. MCL 500.3157a(3)(b)(*iii*). If the insurer finds that the provider's treatments "are longer in duration than, are more frequent than, or extend over a greater number of days than the treatment . . . usually require[s] for the diagnosis or

-3-

condition for which the patient is being treated," the insurer may require the provider "to explain the necessity or indication for the treatment . . . in writing under the procedures provided under subsection (3)." MCL 500.3157a(4). At issue in this appeal is MCL 500.3157a(5), which states:

> If an insurer or the association created under section 3104 determines that a physician, hospital, clinic, or other person overutilized or otherwise rendered or ordered inappropriate treatment, products, services, or accommodations, or that the cost of the treatment, products, services, or accommodations was inappropriate under this chapter, the physician, hospital, clinic, or other person *may appeal* the determination to the department under the procedures provided under subsection (3). [Emphasis added.]

Mich Admin Code, R 500.61-500.69, prescribes procedures for utilization reviews. Rule 500.65 governs appeals to the DIFS. Rule 500.65(1) provides:

> A provider *may* appeal a determination made by an insurer or the association. The appeal must be filed within 90 days of the date of the disputed determination and must be made on a form prescribed by the department. [Emphasis added.]

In *True Care Physical Therapy*, the plaintiff physical therapy facility provided ongoing services to the insured over a two-year period. *True Care Physical Therapy*, ___ Mich App at ___; slip op at 1. The defendant no-fault insurer discontinued paying for the treatments after it conducted a utilization review. "The utilization review concluded that True Care's treatment exceeded the American College of Occupational and Environmental Medicine (ACOEM) guidelines' recommendations for the frequency and duration of treatment for injuries" such as the insured's. *Id*. at ___; slip op at 2. The defendant issued explanation of benefit statements to the plaintiff indicating that the plaintiff could submit an appeal "to the Department of Insurance and Financial Services pursuant to Utilization Review Rule 500.65," but the plaintiff did not appeal the utilization review decision. *Id*. at ___; slip op at 2. The plaintiff filed a complaint against the defendant in circuit court, alleging that the defendant breached its contractual obligation to pay PIP benefits for the insured's treatment. This Court summarized the trial court proceedings as follows:

> All of Auto Club's arguments stemmed from its core position that MCL 500.3157a of the no-fault act and Rule 500.65 of the Michigan Administrative Code required True Care to appeal to the DIFS before filing suit. True Care responded, arguing that it had a valid enforceable assignment of PIP benefits from [the insured], and that MCL 500.3112 of the no-fault act explicitly granted it the right to pursue a direct cause of action against the insurer in the trial court. An administrative appeal to the DIFS was not mandatory, True Care insisted, and that if it were, that rule would conflict with other portions of the no-fault act, including MCL 500.3112, 500.3142, and 500.3145. [*True Care Physical Therapy*, ___ Mich App at ___; slip op at 2-3.]

This Court noted that although the defendant moved for summary disposition under MCR 2.116(C)(4), (C)(8), and (C)(10), Subrule (C)(4) was the only pertinent subrule because the

primary issue was whether the trial court had subject-matter jurisdiction. The defendant insurer did not present a meaningful argument regarding MCR 2.116(C)(8) or (C)(10). *Id*. at ___; slip op at 4 n 4. This Court concluded that "the unambiguous language of MCL 500.3157a(5), its related regulations, and MCL 500.3112 compel a conclusion that the administrative appeal provided under MCL 500.3157(a)(5) and Rule 500.65 is permissive, not mandatory." *Id*. at ___; slip op at 6. This Court stated that the phrase in MCL 500.3157a(5), that the provider " 'may appeal the determination' to the DIFS" indicated "that both the Legislature and the DIFS intended subsection 3157a(5) and Rule 500.65 to provide an alternative and discretionary way to appeal a utilization review determination to the DIFS, not an exclusive or mandatory method for challenging denial of benefits." *True Care Physical Therapy*, ___ Mich App at ___; slip op at 7. This Court rejected the defendant's argument that "may" should be construed as "shall" or "must." *Id*. This Court further concluded that the Legislature in MCL 500.3112 "did not use language expressing an intent to grant the DIFS exclusive jurisdiction." *True Care Physical Therapy*, ___ Mich App at ___; slip op at 10. Accordingly, the plaintiff healthcare provider "remained free to pursue its action in circuit court without exhausting this permissive administrative process." *Id*.

The instant case is not materially distinguishable from *True Care Physical Therapy*. This Court's analysis in *True Care Physical Therapy* is equally applicable to this case and compels the conclusion that the district court correctly ruled that the appeal procedure in MCL 500.3157a is voluntary, not mandatory. Therefore, the district court did not err by denying defendant's motion for summary disposition.

Defendant raises additional arguments that its interpretation of MCL 500.3157a(5) is consistent with the Legislature's intentions in reforming the no-fault system with the 2019 statutory amendments. Defendant argues that a provider's right to a direct action against a no-fault insured is a right created by statute, and therefore is subject to the Legislature's statutory scheme for pursuing remedies. Defendant also disputes plaintiff's claim that a mandatory administrative appeal under § 3157a(5) conflicts with a healthcare provider's right to a direct action against a no-fault insurer under § 3112. Defendant asserts that the more specific provision, § 3157a(5), takes precedence over the general provision, § 3112. These arguments do not undermine this Court's analysis of the statutory language in *True Care Physical Therapy*. In interpreting a statute, this Court "must give effect to every word, phrase, and clause in a statute, to avoid rendering any part of the statute nugatory or surplusage." *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 71; 894 NW2d 535 (2017). "Judicial construction is not permitted when the language is clear and unambiguous." *Barrow v Detroit Election Comm*, 301 Mich App 404, 414; 836 NW2d 498 (2013). "Courts apply unambiguous statutes as written." *Id*. In *True Care Physical Therapy*, this Court concluded that the language of MCL 500.3157a(5) and Rule 500.65 plainly state that the DIFS appeal process is voluntary, not mandatory. Because defendant's arguments look beyond the statutory language to infer that the Legislature must have

intended a meaning different from the meaning expressed by the statute's plain language, we must reject those arguments.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Jane E. Markey