*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH MCKENZIE,

      Plaintiff-Appellee,

v

DEPARTMENT OF CORRECTIONS, STATE OF
MICHIGAN, and MACOMB CORRECTIONAL
FACILITY WARDEN,

      Defendants-Appellants.

UNPUBLISHED
August 11, 2025
1:51 PM

Nos. 367982; 368115
Wayne Circuit Court
LC No. 18-002451-CD

---

FATIMA OLDEN,

      Plaintiff-Appellee,

v

DEPARTMENT OF CORRECTIONS, STATE OF
MICHIGAN, and MACOMB CORRECTIONAL
FACILITY WARDEN,

      Defendants-Appellants.

No. 367995; 368132
Wayne Circuit Court
LC No. 18-001424-CD;
       18-002451-CD

---

Before: PATEL, P.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

These four consolidated appeals arise from two separate actions filed in the Wayne Circuit Court: one by plaintiff Kenneth McKenzie (Case No. 18-002451-CD), and one by plaintiff Fatima Olden (Case No. 18-001424-CD). Plaintiffs were correctional officers at the Macomb Correctional Facility and alleged claims under Michigan's Persons With Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq.*, the federal Americans With Disabilities Act (ADA), 42 USC 12101 *et seq.*, and the federal Rehabilitation Act, 29 USC 794 *et seq.*

In Docket Nos. 367982 and 367995, defendants appeal as of right the trial court's order denying their motion for summary disposition brought under MCR 2.116(C)(7) on governmental immunity grounds. In Docket Nos. 368115 and 368132, defendants appeal by leave granted the same order denying their motion for summary disposition brought under MCR 2.116(C)(10) on the underlying merits of plaintiffs' claims. Because the trial court erred by denying defendants' motion for summary disposition on governmental immunity grounds, we reverse and remand to the trial court for entry of summary disposition in favor of defendants.

## I. BASIC FACTS

This is the second time these cases have been to this Court. The background facts can be found in this Court's prior opinion, *McKenzie v Dep't of Corrections*, 332 Mich App 289; 957 NW2d 341 (2020):

> The facts in both cases are similar and largely undisputed. Plaintiffs, Kenneth McKenzie and Fatima Olden, (plaintiffs) are long-term employees of the Michigan Department of Corrections (MDOC) as corrections officers at the Macomb Correctional Facility (the Facility). In 2015, the Facility began a program in which inmates trained dogs to become leader dogs for the blind. The program only took place in certain housing units in the Facility. Plaintiffs were both assigned to one of those housing units and, therefore, frequently came into contact with dogs. Plaintiffs alleged that they were allergic to dogs and would suffer allergic symptoms whenever they came into close contact with the dogs. Plaintiffs alleged that they informed their supervisors of their allergic reactions and then filed "Disability Accommodation Request and Medical Statements" with the MDOC, requesting that they be assigned to the housing units that did not have dogs.

> While the Facility warden allowed plaintiffs to briefly move to different housing units, plaintiffs were ultimately returned to the housing units in which dogs were kept and trained. The MDOC denied plaintiffs' requests for accommodation, and the Facility warden also refused to accommodate their claimed allergies by assigning them to any other housing units or positions. Thereafter, plaintiffs each filed a charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC), after which they were allegedly subjected to retaliatory acts at the Facility. The EEOC found probable cause that the MDOC was in violation of the Americans with Disabilities Act (ADA) and proposed conciliation agreements between the MDOC and plaintiffs, but the MDOC refused the terms and plaintiffs' charges were transferred to the Department of Justice (DOJ). The DOJ determined that it would not pursue charges on behalf of either plaintiff, and plaintiffs thereafter filed complaints against the Facility warden, the MDOC, and the state of Michigan. In their complaints, plaintiffs alleged violations of the Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq*., retaliation in violation of the same act, violation of Title I of the ADA, 42 USC 12111 *et seq*., by the Facility warden, and violation of § 504 of the Rehabilitation Act, 29 USC 794, by the state and the MDOC. [*Id*. at 293-294.]

-2-

Defendants had moved for summary disposition on the ADA and Rehabilitation Act claims, arguing that the trial court lacked subject-matter jurisdiction over these federal claims. The trial court denied the motion, and this Court affirmed. *Id*. at 293.

After the case returned to the trial court, defendants again sought summary disposition, this time under MCR 2.116(C)(7) and (10). Regarding the (C)(7) aspect of their motion, defendants argued that they were entitled to judgment because of governmental immunity. Specifically, while relying on the recent Supreme Court decision *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023), defendants maintained that because plaintiffs did not file the requisite notice of intention to file a claim within a year of the accrual of their claims, the suit was barred by governmental immunity. Defendants also noted that plaintiffs' filing of the notice after *Christie* was issued does not cure this deficiency because plaintiffs were required to file their notices within a year of their claims accruing. With respect to MCR 2.116(C)(10), defendants argued that there were no questions of fact and that they were entitled to judgment as a matter of law on the merits.

The trial court denied defendants' motion, finding that "[a]pplying *Christie* retroactively is going to have a disastrous effect . . . on a number of these cases that are already pending where the plaintiffs did in fact comply with the law that was in existence at the time."

## II. ANALYSIS

Defendants argue that the trial court erred by not applying *Christie* and by denying their motion for summary disposition. We agree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). Whether a plaintiff was required to comply with the notice provision of MCL 600.6431 is an issue of statutory interpretation that this Court reviews de novo. *Fairley v Dep't of Corrections*, 497 Mich 290, 296; 871 NW2d 129 (2015). Whether a judicial decision is to be applied retroactively is a question of law that this Court reviews de novo. *McNeel v Farm Bureau Gen Ins Co of Mich*, 289 Mich App 76, 94; 795 NW2d 205 (2010).

A party is entitled to summary disposition under MCR 2.116(C)(7) if, among other things, the plaintiff's claims are barred because of "immunity granted by law." Parties may support their respective positions with affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(5). "The contents of the complaint are accepted as true unless contradicted by the evidence provided." *Odom*, 482 Mich at 466 (quotation marks and citation omitted).

Relying on *Christie*, 511 Mich 39, defendants moved for summary disposition on governmental immunity grounds, arguing that because plaintiffs did not satisfy the notice requirements of MCL 600.6431, their suits were barred. MCL 600.6431(1) provides:

> Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

In *Christie*, our Supreme Court unanimously held that, although this statutory provision is contained in the Court of Claims Act, MCL 600.6401 *et seq.*, it nonetheless applies to any suit against the state, even if that suit is filed in circuit court. *Christie*, 511 Mich at 64. In doing so, our Supreme Court overruled this Court's opinion in *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), which had held that because the above statutory language was contained in the Court of Claims Act, it only applied to suits filed in the Court of Claims. *Id.* at 268-272.

As a general rule, judicial decisions generally are to be given retroactive application. *Curtis v City of Flint*, 253 Mich App 555, 564; 655 NW2d 791 (2002). As such, prospective application usually is limited to decisions that overrule clear and settled precedent. *Id.* For prospective application to apply, a threshold question needs to be addressed: whether the decision clearly establishes a new principle of law. *League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 565; 975 NW2d 840 (2022). If the decision establishes a new principle of law, then a court is to weigh the following three factors in determining whether a decision should have retroactive application: "(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *Pohutski v City of Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002).

In *Flamont v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367863), this Court recently was confronted with the same question and held that *Christie* is to have full retroactive application. *Id.* at ___; slip op at 6. In particular, *Flamont* determined that the threshold requirement was not satisfied. *Id.* This Court reasoned that our Supreme Court in *Christie* based its decision on the plain and unambiguous language of MCL 600.6431. *Id.* at ___; slip op at 5-6. Significantly, our Supreme Court does not announce a new rule of law when it overrules a decision of the Court of Appeals that misinterpreted a statute contrary to its plain meaning. *Id.* at ___; slip op at 6, citing *Mich Ed Employees Mut Ins Co v Morris*, 460 Mich 180, 196-197; 596 NW2d 142 (1999). Consequently, because *Christie* was giving effect to the plain and unambiguous language of MCL 600.6431(1), it did not announce a new rule of law, even though it overruled this Court's earlier interpretation. *Flamont*, ___ Mich App at ___; slip op at 6. And, because *Christie* did not announce a new rule of law, any further analysis of the factors for retroactivity is unwarranted, and *Christie* is entitled to full retroactive application. *Id.*

Additionally, aside from *Flamont*'s explicit holding, our Supreme Court itself has applied its interpretation of MCL 600.6431 retroactively in *Christie* and *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66; 993 NW2d 392 (2023). The plaintiff in *Christie* filed her complaint in 2019, and yet the Court applied its 2023 ruling to that case. *Christie*, 511 Mich at 46. Further, in an opinion issued the same day as *Christie*, our Supreme Court again applied the rule from *Christie* retroactively to the plaintiff in *Elia Cos* that had filed its complaint in 2018. *Elia Cos*, 511 Mich at 69. There is nothing distinguishable between plaintiffs in the present cases and the plaintiffs in *Flamont*, *Christie*, and *Elia Cos*. They all filed their respective complaints before this Court issued

its opinion in *Tyrrell*, making any reliance on *Tyrrell* as a justification for not complying with MCL 600.6431 misplaced.[1]

On appeal, plaintiffs suggest that defendants have waived the defense of governmental immunity through their conduct by not raising the defense until nearly five years after the lawsuits were filed.[2] However, when responding to defendants' motion for summary disposition, plaintiffs never asserted this position, making it not properly before this Court. While "an appellee who has taken no cross appeal may still urge in support of the judgment in its favor reasons that were rejected by a lower court," *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994) (quotation marks and citations omitted), that is not what plaintiffs are doing. Because plaintiffs never raised the issue of waiver in the trial court, the trial court never rejected it, let alone addressed it.[3] In any event, we note that "defective notice [under MCL 600.6431] need not be pleaded as an affirmative defense because defendants are presumed to be entitled to governmental immunity . . . ." *Fairley*, 497 Mich at 300. Thus, assuming that the question of waiver properly was before this Court, it would not apply here.

Plaintiffs also assert that because they later filed a joint notice of intention in the Court of Claims, they are "now in compliance" with the rule. However, this ignores the requirement that such a notice be filed "within 1 year after the claim has accrued." MCL 600.6431(1). Plaintiffs do not dispute that the notice was untimely but instead cursorily suggest that this timing requirement is inapplicable because their suit was filed in circuit court. Such an argument disregards the import of *Christie*. Our Supreme Court emphatically held that the requirements of MCL 600.6431(1) apply to "all parties with claims against the state," even if those claims are filed

---

[1] In this regard, we note that *Landin v Dep't of Health & Human Servs*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367356), held that *Christie* does not apply retroactively to "post-*Tyrrell*/pre-*Christie*" cases. *Id*. at ___; slip op at 2. While the validity of *Landin* is, at the time of this opinion, the subject of a special panel, see *Hudson v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367902), *Landin* would not apply to this case in any event because the relevant facts predate *Tyrrell*.

[2] While this five-year span technically is accurate, it provides an incomplete or inaccurate picture. Importantly, while defendants pursued their appeal from the trial court's first denial of their motion for summary disposition, the cases were stayed from early 2019 until early 2023, a span of approximately four years, which also encompassed the COVID-19 pandemic. In June 2023—within four months of the cases being reinstated after the stays—defendants moved for summary disposition on improper notice and governmental immunity grounds.

[3] Moreover, the federal cases plaintiffs rely on are inapposite because those involve state defendants voluntarily participating in litigation in federal court and then subsequently attempting to invoke Eleventh Amendment immunity. The present case does not involve an invocation of Eleventh Amendment immunity and does not involve defendants' voluntarily involvement in this case—defendants were brought involuntarily into state court by plaintiffs.

in circuit court. *Christie*, 511 Mich at 64. Hence, plaintiffs' filling of their notice more than a year after their claims accrued does not satisfy the statutory requirement.

In sum, because *Christie* did not announce a new rule of law, it is to be given full retroactive application. There is no dispute that plaintiffs did not comply with MCL 600.6431(1) within one year of their claims accruing. As a result, the trial court erred by denying defendants' motion for summary disposition.[4]

### III. CONCLUSION

We reverse and remand to the trial court for entry of summary disposition in favor of defendants.[5] We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Michael J. Riordan
/s/ Brock A. Swartzle

---

[4] We briefly note that MCL 600.6431 applies not only to the state itself as a defendant, but also its departments and agencies. See *Christie*, 511 Mich at 58. Thus, the MDOC is entitled to summary disposition to the same extent as the state of Michigan. Moreover, because the Facility warden was sued in his official capacity, he is treated as the state as well. See *Mays v Snyder*, 323 Mich App 1, 88; 916 NW2d 227 (2018), aff'd 506 Mich 157 (2020).

[5] Because defendants are entitled to summary disposition under MCR 2.116(C)(7) on governmental immunity grounds, we decline to address whether the trial court also erred by denying defendants' motion under MCR 2.116(C)(10).