*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MIGUEL ORTIZ, Personal Representative of the
ESTATE of SENOVIA ORTIZ, and MARIA A.
ADRIAN,

        Plaintiffs-Appellees,

v

MICHAEL DAVID FOX,

        Defendant,

and

DEPARTMENT OF STATE POLICE, and STATE
OF MICHIGAN,

        Defendants-Appellants.

UNPUBLISHED
April 25, 2024

No. 365968
Court of Claims
LC No. 22-000206-MK

Before:  M. J. KELLY, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant-appellants, the state of Michigan and its Department of State Police, appeal by right the Court of Claims' order denying their motion for summary disposition. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case arose from an automobile collision that took place on June 24, 2022. Plaintiffs alleged that defendant Michael David Fox, who was operating a state-owned vehicle in his capacity as a trooper with the State Police, struck a vehicle occupied by plaintiff Maria A. Adrian, and decedent, Senovia Ortiz. As a result of the accident, Senovia suffered fatal injuries, and Adrian sustained serious but nonfatal injuries. Plaintiffs brought suit in the Court of Claims, asserting that defendant-appellants were liable for personal injury and wrongful death resulting from Trooper Fox's negligent operation of his vehicle under the motor-vehicle exception to governmental

-1-

immunity. MCL 691.1405. At issue is whether plaintiffs complied with MCL 600.6431 of the Court of Claims Act, MCL 600.6401 *et seq*., for purposes of maintaining their personal-injury claims against the state, which required them to file a verified claim *or* a verified notice of intent to file a claim in the Court of Claims within six months of the accident that gave rise to their claims. MCL 600.6431(4).

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Defendant-appellants argue that the trial court erred by denying their motion for summary disposition. "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Chisholm v State Police*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 355691); slip op at 2. "We also review de novo questions regarding the interpretation and construction of the Court of Claims Act and questions of governmental immunity." *Id*. (citations omitted). "A motion for summary disposition under MCR 2.116(C)(7) is warranted when immunity is granted by law." *Id*. "When reviewing a motion for summary disposition under MCR 2.116(C)(7), we consider the documentary evidence submitted by the parties and accept the contents of the complaint as true unless contradicted by documentation submitted by the non-moving party." *Id*. at ___; slip op at 2-3.

### B. ANALYSIS

Defendant-appellants argue that plaintiffs' claims must be dismissed because they failed to file either a verified claim or a verified notice of intent to file a claim within the applicable six-month statutory-notice period set forth in MCL 600.6431. We disagree.

"The GTLA broadly shields governmental agencies from tort liability." *Chisholm*, ___ Mich App ___; slip op at 3, citing *Fairley v Dep't of Corrections*, 497 Mich 290, 297; 871 NW2d 129 (2015). See MCL 691.1407(1). Therefore, "[a] party seeking to impose liability upon a governmental agency must demonstrate that the claim falls within an exception to governmental immunity." *Chisholm*, ___ Mich App at ___; slip op at 3. "A claim brought pursuant to an exception to governmental immunity must be brought in the manner provided in the Revised Judicature Act." *Id*.; MCL 691.1410(1). "Section 6431 of that act, MCL 600.6431, 'establishes conditions precedent for avoiding the governmental immunity conferred by the GTLA.' " *Chisholm*, ___ Mich App at ___; slip op at 3, quoting *Fairley*, 497 Mich at 297. It "details the notice requirements that must be met in order to pursue a claim against the state." *McCahan v Brennan*, 492 Mich 730, 744-745; 822 NW2d 747 (2012). "A plaintiff must satisfy the conditions of MCL 600.6431 to 'avoid[] the governmental immunity conferred by the GTLA' and 'to successfully expose the defendant state agencies to liability.' " *Chisholm*, ___ Mich App at ___ (alteration in original); slip op at 3, quoting *Fairley*, 497 Mich at 297-298.

MCL 600.6431 provides in relevant part:

> (1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim

or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

> (2) A claim or notice under subsection (1) must contain all of the following:
>
> * * *
>
> (d) *A signature and verification by the claimant before an officer authorized to administer oaths.*
>
> * * *
>
> (4) For a claim against this state for property damage or personal injuries, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim. [Emphasis added.]

Additionally, MCL 600.6434(2) of the Court of Claims Act provides that "[t]he complaint shall be verified."

Thus, in order to maintain their claims, plaintiffs were required to comply with MCL 600.6431 by filing a verified claim *or* a verified notice of intent to file a claim within six months of the accident that gave rise to their claims. *Chisholm*, ___ Mich App at ___; slip op at 4. "A plaintiff's failure to strictly comply with MCL 600.6431 mandates dismissal of the claim." *Chisholm*, ___ Mich App at ___; slip op at 3, citing *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66, 74-75; 993 NW2d 392 (2023).

Defendant-appellants argue that the Court of Claims erred by permitting plaintiffs to cure any alleged deficiency in their unverified complaint or the verification of their notices of intent, by filing their verified second-amended complaint after the six-month notice period under MCL 600.6431(4) had expired. In so deciding, the Court of Claims relied on this Court's decision in *Elia Cos, LLC v Univ of Mich Regents*, 335 Mich App 439, 458-459; 966 NW2d 755 (2021), rev'd by 511 Mich 66 (2023), in which a panel of this Court concluded that a plaintiff could properly achieve compliance by amending a complaint to provide the required verification during the pendency of the proceedings, even after expiration of the notice period. However, our Supreme Court has since held that strict compliance with MCL 600.6431 is required to maintain a claim against the state. *Elia Cos*, 511 Mich at 68-69, 72-75. In doing so, the Court reaffirmed that a "plaintiff's failure to comply with the notice and verification requirements of MCL 600.6431 mandates dismissal . . . ." *Elia Cos*, 511 Mich at 75. As a result, the Court of Claims erred by denying summary disposition on the basis that plaintiffs had cured any alleged defected by filing a verified second-amended complaint.

That does not end our inquiry, however. We still must determine whether the timely filed notices of intent, which plaintiffs signed and swore to before a notary public, complied with MCL 600.6431(2)(d)'s verification requirement.[1] Recently, in *Chisholm*, ___ Mich App at ___; slip op at 4-6, this Court held that a plaintiff's "jurat notarization" satisfied MCL 600.6431(2)(d)'s verification requirement. Like plaintiffs in this case, the plaintiff in *Chisholm* timely filed a notice of intent to sue in the Court of Claims that "was signed by plaintiff and his attorney, and was notarized with the statement, '[s]ubscribed and sworn to before me this 1 day of November, 2019,' along with a signature and information about the notary's commission." *Chisholm*, ___ Mich App at ___; slip op at 5 (alteration in original). And, like the defendant-appellants in this case, the defendant in *Chisholm* moved to dismiss the complaint "on the basis that [the] plaintiff did not timely file a verified notice of intent or a verified claim as required by MCL 600.6431" as "the notice of intent and original complaint filed by [the] plaintiff were not verified because they did not contain a declaration consistent with MCL 600.6431(2)(d) and MCR 1.109(D)(3)(b)." *Chisholm*, ___ Mich App at ___; slip op at 2. The *Chisholm* Court disagreed and held that the plaintiff's jurat notarization of his notice constituted the required "signature and verification by the claimant before an officer authorized to administer oaths," and thus complied with MCL 600.6431(2)(d)'s verification requirement. *Id*. at ___; slip op at 5.

Here, as in *Chisholm*, plaintiffs' notices of intent to file a claim contained their jurat notarizations, indicating that they "signed the notice[s] under an oath or affirmation to the notary, verifying and certifying that the factual statements set forth in the notice were true," and thus sufficiently verified their notices in compliance with MCL 600.6431(2)(d). See *Chisholm*, ___ Mich App at ___; slip op at 5. Therefore, we conclude that plaintiffs' properly verified notices of intent, which were timely filed in the Court of Claims within six months of the accident, fully complied with MCL 600.6431's requirements for purposes of maintaining their claims against the state. Defendant-appellants, therefore, were not entitled to summary disposition.

Defendant-appellants also argue that a jurat notarization, such as plaintiffs', is insufficient to verify their claims for purposes of MCL 600.6431 because, consistent with MCR 1.109(D)(3), verification under MCL 600.6431 requires that the oath or affirmation of the claimant appear in narrative form on the notice itself. "MCL 600.6422 provides that the practice and procedure in the Court of Claims is governed by the statutes and court rules applicable to proceedings in the circuit court, unless otherwise specifically stated in the [Court of Claims Act]." *Chisholm*, ___ Mich App at ___ (alteration in original); slip op at 5 (quotation marks and citation omitted).

MCR 1.109(D)(3) provides, in relevant part, as follows:

---

[1] The Court of Claims, having denied defendant-appellants' motion for summary disposition on the ground that plaintiffs verified second-amended complaint cured any deficiency in the verification of their claims, did not address this issue. However, the parties argued the issue below and thus preserved it for our review. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020). Moreover, its resolution is necessary for a proper determination of this case, it involves a question of law, and the undisputed facts necessary for its resolution have been presented. See *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019).

Except when otherwise specifically provided by rule or statute, a document need not be verified or accompanied by an affidavit. If a document is required or permitted to be verified, it may be verified by

(a) oath or affirmation of the party or of someone having knowledge of the facts stated; or

(b) except as to an affidavit, including the following signed and dated declaration:

"I declare under the penalties of perjury that this _____ has been examined by me and that its contents are true to the best of my information, knowledge, and belief."

In *Chisholm*, however, this Court rejected a similar argument that the plaintiff's jurat notarization failed to comply with MCR 1.109(D)(3)'s verification requirement. The *Chisholm* Court held:

[P]laintiff's jurat notification satisfies MCR 1.109(D)(3)(a) as an "oath or affirmation of the party or of someone having knowledge of the facts stated." Plaintiff had knowledge of the facts stated in the notice because they involved his accident and health, and his signature and the jurat notarization were statements indicating that plaintiff had sworn that the factual statements were true. Regardless of the applicability of MCR 1.109(D)(3), the Court of Claims did not err in concluding that plaintiff's notice of intent was verified. Because plaintiff's notice of intent to file a claim was verified and timely filed, plaintiff fully complied with the requirements of MCL 600.6431. [*Chisholm*, ___ Mich App at ___; slip op at 6.]

Likewise, the jurat notarizations contained in plaintiffs' notices of intent satisfied MCR 1.109(D)(3)(a) as an " 'oath or affirmation of the party or of someone having knowledge of the facts stated.' " *Chisholm*, ___ Mich App at ___, quoting MCR 1.109(D)(3)(a); slip op at 6. Plaintiffs signed the notices before a notary public, indicating that they "had sworn that the factual statements were true," and had knowledge of the facts stated therein. Indeed, Adrian was involved in the automobile crash and allegedly suffered serious injuries resulting from it; Ortiz was the personal representative of the estate of the decedent, who allegedly sustained fatal injuries in the crash. Thus, plaintiffs' notices, which were signed and sworn to before a notary public, satisfied MCR 1.109(D)(3)(a). Plaintiffs were not required to include a narrative oath or affirmation necessarily mirroring the one specified in MCR 1.109(D)(3)(b) in order to satisfy MCL 600.6431(d)(2)'s verification requirement.

Defendant-appellants alternatively argue that, even if plaintiffs sufficiently verified their timely filed notices of intent under MCL 600.6431, plaintiffs' failure to file a verified complaint within the six-month notice period under MCL 600.6431(4) required dismissal. However, although MCL 600.6434 requires that a complaint be verified, it does not set forth a time limit for filing a complaint. *Chisholm*, ___ Mich App at ___; slip op at 7. That is, a plaintiff is "*not* required to file both his verified notice of intent and his verified complaint within the time period specified

in MCL 600.6431." *Id*. Therefore, plaintiffs, having fully complied with MCL 600.6431 by timely filing their verified notices of intent, were "not required also to file [their] verified complaint within the time period established by MCL 600.6431." *Chisholm*, ___ Mich App at ___; slip op at 7.

In sum, under *Chisholm*, plaintiffs' notices of intent to file a claim, which were timely filed and properly verified by their jurat notarizations, sufficiently complied with MCL 600.6431 for purposes of maintaining their claims against the state. Although defendant-appellants argue that *Chisholm* was wrongly decided and should be reversed, unless and until the Supreme Court actually reverses or modifies *Chisholm*, we are bound to follow the rule of law established by it. See MCR 7.215(J)(1).[2] Therefore, we conclude that the Court of Claims properly denied defendant-appellants' motion for summary disposition. See *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 615; 854 NW2d 172 (2014) (noting that this Court will not reverse a trial court's order that reached the correct result, albeit for an incorrect reason).[3]

Affirmed.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[2] We acknowledge that the Department of State Police has applied for leave to appeal *Chisholm* in the Supreme Court. However, "[t]he filing of an application for leave to appeal in the Supreme Court or a Supreme Court Order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2).

[3] Having concluded that plaintiffs complied with MCL 600.6431's notice and verification requirements, it is not necessary to address plaintiffs' alternative argument that they had one year from the date of the accident to cure any deficiencies in their notices under MCL 600.6431(1).